90 So.2d 908 (1956)
TUCKER BROTHERS, INC., a corporation, and Pearlwood Construction Company, a corporation, Appellants,
v.
Lewis Arthur MENARD, III, a minor, by his mother and next friend, Mrs. Helen Menard, and Lewis Arthur Menard, II, Appellees.
Supreme Court of Florida. Special Division A.
November 28, 1956.
*909 Elmer M. Norton, Lewis Rhea Baxter and Rogers, Towers, Bailey & Jones, Jacksonville, for appellants.
Sistrunk & Parrish, Jacksonville, for appellees.
THORNAL, Justice.
Appellants who were defendants below seek reversal of a judgment in favor of Lewis Arthur Menard, III, a minor, and his father, Lewis Arthur Menard, II, plaintiffs below, in an action arising out of the alleged negligent injury of the above named minor.
The principal points for us to determine are: (a) whether the situation revealed by the record constituted an attractive nuisance; (b) whether there was adequate evidence of the causal relationship between the injury and the negligence alleged; and (c) whether the trial court had jurisdiction of the claim asserted by Lewis Arthur Menard, II, the father. Other incidental questions are disposed of by the opinion.
About 5:15 p.m. on March 10, 1954, Lewis Arthur Menard, III, just under seven years of age, ran home to his mother screaming. Examination revealed that his legs had been severely burned. In the immediate vicinity of the home of the plaintiffs, the appellant Tucker owned a parcel of land on which it was constructing a dwelling. Appellant Pearlwood was the contractor actually doing the building. Directly across the street Tucker owned a vacant lot upon which Pearlwood had been permitted to construct a small shed. *910 Also located on this lot were a pile of lumber, drainpipe, tools, trucks, cement blocks, cans, mortar boxes, wire and other materials commonly used in the building trade. In addition for some period of time Pearlwood had used the lot to dispose of trash from the building operation. This was done by burning. The record shows that for a considerable period of time the small children in the neighborhood had used the second-described lot as a playing area. The Foreman, a man named Shuff, had been requested on numerous occasions to take precautions against the fire in the interest of the safety of the children. He had warned the children to stay away. Parents had warned them to stay away. They, nonetheless, were permitted by the appellants to use the area as a playground. On the day in question immediately after the boy ran home to his mother severely burned, an investigation showed that in the area in question there was a bed of red-hot coals covered by a layer of gray ashes. Across the bed of coals was the charred remains of a freshly burned stick, one end of which was not completely burned but was still smoking.
Alleging that the boy was attracted to the area by the condition generally described above and while so attracted stepped into the fire and was seriously burned, the plaintiff Lewis Arthur Menard, III, joined by his mother and next friend, sought damages for the resulting injury. In the course of the development of the pleadings, Lewis Arthur Menard, II, as father, joined in the complaint and by a separate count claimed compensation for medical expenses paid out by him for the treatment of the child. The case was tried before a jury. A verdict of $10,000 was rendered for the child, and the verdict of $474 was awarded to the father under the second count. Judgment was entered on the verdict. The judgment for $10,000 was in favor of the minor joined by his mother as next friend, and separately in favor of the father for the medical expenses. Reversal of this judgment is now sought.
Appellants contend for reversal on the proposition that a fire is obviously dangerous and therefore cannot constitute an attractive nuisance. In addition they contend that the record fails to establish that the boy actually was burned on the land in question. It is further asserted that the amount of the father's claim was below the jurisdiction of the Circuit Court.
The appellees contend for affirmance on the proposition that the condition of the area described constituted an attractive nuisance, that the circumstantial evidence was adequate to sustain the conclusion that the boy was injured on the property of appellant Tucker, and finally that the claim of the father was properly disposed of in this cause.
Appellants, by an exhaustive brief, present many cases from other jurisdictions holding to the proposition that there can be no recovery under the attractive nuisance doctrine where the injury complained of was the product of an obvious or patent danger. They rely on a rule summarized in 38 Am.Jur., Negligence, Sec. 151, p. 818. From this rule they reason that a fire is obviously dangerous and that even when a child of tender years is involved, it would tend to repel rather than attract. It is unnecessary for us here to determine whether a fire in and of itself would constitute an attractive nuisance under the interpretation of that doctrine heretofore announced by this court.
In the case before us the appellees relied upon the general condition of the area. It was shown that appellants had placed on the land in question all manner of materials and devices that would attract playing children. Furthermore the so-called "fire" was actually not a burning, glowing flame. It consisted of a large bed of ashes surrounding and covering a bed of red-hot coals. Instead of repelling *911 the children, the situation in this particular case suggests justification for the conclusion that the tools, blocks, woodpile, trucks and the like merely served as an invitation that in effect led the child into what might be termed a "booby trap".
We do not find here justification for applying the rule that might otherwise be applicable to an obvious peril. On the contrary, the record clearly suggests adequate justification for the conclusion evidently reached by the jury that the children, including the minor appellee, had been attracted to the area over a period of weeks, that appellants and their Foreman in charge had been requested to guard against the possibility of the particular injury that here apparently resulted. There is little, if anything, to distinguish this case from Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411; and Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890.
Appellants' contention that there was no direct and positive proof that the child was injured on the Tucker land has caused us more concern. It is true that no one testified that he actually saw the child on this particular lot at the time of his injury. Nevertheless, this record abounds in circumstantial evidence that certainly weighs heavily in favor of the jury's conclusion that the land of the appellant Tucker was the locus upon which the injury occurred. An ultimate fact can be established by circumstantial evidence in a civil action just as it can be done in a criminal case. The difference is the quantum of proof necessary to justify the inference that the ultimate fact actually existed. In a criminal case the rule is that the circumstantial evidence must point to guilt to the exclusion of any reasonable hypothesis of innocence. The rule in civil cases is not so burdensome. In a civil action when circumstantial evidence is relied upon to prove a fact essential to recovery, the particular inference of the existence of such fact arising from the circumstances established by the evidence adduced must outweigh all contrary inferences to the extent that it amounts to a preponderance of all reasonable inferences that might be drawn from the same circumstances. In other words, if the proved circumstances justify an inference pointing to the essential fact, which inference outweighs all reasonable inferences to the contrary, then it can be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; Byers v. Gunn, Fla. 1955, 81 So.2d 723.
Applying this principle to the case before us we are of the view that the circumstantial evidence was adequate to justify the conclusion of the jury that the child was injured on the property of the appellant Tucker. It is shown that this property was in the immediate vicinity of the child's home; the minor involved, as well as other small children had for weeks used the land to play on; they had been seen on the lot on numerous occasions and had been directed by appellants' Foreman to stay off. The existence of fire or hot coals on the land was observed immediately after the injury. There was no evidence of any fire anywhere else around the immediate community. One witness diligently searched the area promptly after the child was injured. No other fire could be found. From all of the circumstances reflected by the record, we feel that the jury was justified in concluding that the inference of injury on appellants' land far outweighed any inference to the contrary.
On the proposition that the claim of the father could not be disposed of within the jurisdiction of the Circuit Court, we feel that the position of the appellants must be sustained. The appellees rely on Section 46.09, Florida Statutes, F.S.A. Eliminating irrelevant portions, the applicable provisions read as follows:
"In any action brought by a * * * parent * * * and child for an injury *912 done to the * * * child, in respect of which the * * * child is necessarily joined as co-plaintiff, the * * * parent * * * may add thereto claims in their [his] own right * * *."
Appellees submit that the father joined in the complaint by amendment in order to assert his claim for medical expenses paid by him in bringing about his child's recovery. They state that the complaint of the father arose out of the same transaction or injury which constituted the basis of the claim of the child. They then conclude that under the quoted statute, the father was entitled to join in the action even though the amount of his claim was below the $3,000 jurisdictional minimum applicable to the Duval County Circuit Court. It is necessary to examine the complaint and carefully analyze the statute. Admittedly, on the surface the statute appears to be applicable. The complaint, however, shows that the action was instituted by "Lewis Arthur Menard, III, a minor, by his mother and next friend, Mrs. Helen Menard, and Helen Menard". In the original complaint, the mother was a plaintiff, as "next friend" of her minor son and also as an individual. By the original fourth count, the mother individually claimed recovery of medical expenses. By the amended complaint, the father joined in the action purely as an individual to recover the medical expenses paid by him. Reverting to the statute above quoted and applying it to the instant case, it will be noted that the "parent" who joined in that portion of the action in respect of which the child "is necessarily joined as a co-plaintiff" was the mother. Under such circumstances if the mother had sought recovery of expenses paid by her, she could have maintained the cause for the reason that she was the one who was necessarily joined by the minor co-plaintiff. However, when the father entered the action separately and as an individual and not likewise as "next friend" of the minor, he was not "necessarily joined" by the child as a co-plaintiff. Consequently, the statute in this instance was not applicable to the father's claim in view of the fact that it was for an amount obviously below the jurisdictional minimum of a Circuit Court.
We do not lose sight of the fact that the father claimed a judgment in the amount of "$100,000". However, we have held that jurisdiction of a court with reference to the amount in controversy is determined by the sum in good faith demanded or actually put in issue and not by the amount of the ultimate recovery. A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528. Obviously, here the amount of the good faith demand was only $474. Mr. Menard must have known this when he entered the case. He came into the cause in his individual capacity alone. He did not enter the case as "parent and next friend" of the minor. He was not substituted for the mother in this capacity. Under the circumstances in this particular situation, the child was not a necessary co-plaintiff with the father. The statute therefore did not apply and the judgment in favor of the father for medical expenses will have to be reversed.
Appellants further contend that the trial judge committed error in permitting the appellees to call the witness Shuff under 30 F.S.A.Rule 1.37(a), Florida Rules of Civil Procedure. This rule authorizes a party to examine an adverse or hostile witness by leading questions. It also permits a party to call as a witness "an officer, director, or managing agent" of a corporate adverse party and to interrogate him by leading questions and to contradict or impeach him in all respects as if he had been called by an adverse party. Appellants state that Mr. Shuff was not an officer or director of either corporation nor was he their "managing agent". The record shows that in answer to interrogatories both defendants stated that Mr. Shuff was their representative in charge *913 of the entire area involved in this case. He was their Foreman and in charge of the men and materials. In addition to this he was designated by the corporate appellants to serve as their representative at the trial of the cause. When all other witnesses were placed under the Rule he was permitted to remain in the courtroom and advise with attorneys for the appellants on the handling of the case.
We do not construe the expression "managing agent" to require that the corporate representative be an officer or in the nature of a general manager. So far as this particular rule is concerned, it is sufficient if he is the managing representative of the corporation in connection with the particular matter under consideration. Certainly, the witness Shuff occupied this latter status. In addition to his employment status, it seems to us that the fact that he was the designated representative of the corporations in the trial of the case would be sufficient to justify calling him under Rule 1.37(a), Florida Rules of Civil Procedure.
We have considered the other alleged errors relied upon by the appellants, including the alleged prejudicial remarks of the trial judge, their attempt to plead the wilful misconduct of the injured boy, and charges of the court. Careful consideration of these objections, together with the record, fails to convince us that any error was committed in these particulars. On the effort to plead the wilful misconduct of the boy, the trial judge, in striking asserted defenses, specifically provided that it was his view that these defenses were provable under other defenses alleged. The appellants were therefore not deprived of any opportunity to prove the claimed defenses.
The judgment for appellee, Lewis Arthur Menard, II, is hereby reversed.
The judgment in favor of Lewis Arthur Menard, III, a minor, by his mother and next friend, Mrs. Helen Menard, is hereby affirmed.
Reversed in part and affirmed in part.
DREW, C.J., TERRELL, J., and CARROLL, Associate Justice, concur.