117 So.2d 731 (1960)
Kenneth NIELSEN, Minor, by His Mother and Next Friend, Clara Nielsen, and Clara Nielsen, Individually, Petitioners,
v.
CITY OF SARASOTA, a Municipal Corporation of the State of Florida, and Sarasota Bay Post No. 30, American Legion, a Florida Corporation, Respondents.
Supreme Court of Florida.
February 3, 1960.
*732 J.W. Cullis of Icard, Merrill & Cullis, Sarasota, for petitioners.
Worth Dexter, Jr., of Dexter, Conlee & Bissell, Sarasota, for City of Sarasota.
R.C. Glos and Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for Sarasota Bay Post No. 30, American Legion.
THORNAL, Justice.
Petitioners seek review of a decision of the District Court of Appeal, Second District, which allegedly conflicts with a prior decision of this Court. Article V, Section 4(2), Florida Constitution, F.S.A. Sensing potential jurisdiction we granted certiorari.
The point to be determined is whether the decision below is in conflict with the decision of this Court in Tucker Brothers, Inc. v. Menard, Fla., 90 So.2d 908.
We rely entirely upon the factual summary related by the Court of Appeal in the opinion submitted for review. It appears as Nielsen v. City of Sarasota, 110 So.2d 417. A summary judgment against the mother individually is not submitted *733 for review. With reference to the claim of the minor, the trial judge entered a summary judgment for the defendant-respondents because he had the view that there was a total lack of any genuine material issue. He held that there was no showing of negligence. He also held that there was no showing that the injury to Kenneth was the proximate result of the alleged negligence. The Court of Appeal affirmed with the view that "There is a total lack of certain evidence to provide proximate cause even if it might be said that there was some evidence of negligence * * *" 110 So.2d at page 420. For purposes of this review, therefore, we must assume the presence of proof of negligence, and limit our consideration to the rule regarding proximate cause. Inasmuch as the Court of Appeal did not pass on the trial court's ruling regarding lack of evidence of negligence, we must do likewise. We limit ourselves entirely to a review of the point of law passed upon in the decision under consideration. Van Fleet v. Lindgren, Fla., 107 So.2d 381.
The petitioners contend that there was adequate circumstantial evidence from which a jury could properly infer a causal relationship between the negligence of the respondent and the ultimate injury. They assert that the Court of Appeal required direct, testimonial evidence of proximate cause and therefore its decision collided with our decision in Tucker Brothers, Inc. v. Menard, supra.
The respondents contend that there is no jurisdictional conflict and, moreover, that the summary judgment was correctly entered in their behalf and was, therefore, properly affirmed because of the total lack of any evidence that would justify a jury in finding a proximate causal relationship between the negligence and the injury.
In recent years we have several times undertaken a discussion of the rules applicable to circumstantial evidence and justifiable inferences therefrom in civil actions, as distinguished from criminal cases. Dehon v. Heidt, Fla. 1949, 38 So.2d 39; Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; Byers v. Gunn, Fla. 1955, 81 So.2d 723; Tucker Brothers, Inc. v. Menard, supra; Pritchard v. Peppercorn & Peppercorn, Inc., Fla., 96 So.2d 769. Also see Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638 and Majeske v. Palm Beach Kennel Club, Fla.App. 1959, 117 So.2d 531.
The sum of all of these opinions is that in a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.
The well-known criminal rule permits proof of guilt by circumstantial evidence provided the circumstantial evidence points to guilt to the exclusion of every reasonable hypothesis of innocence. Subject to the above limitation the rule in civil cases is that a fact may be proved by circumstantial evidence if the inference of the fact preponderates over other inferences. Such was the rule of Tucker Brothers, Inc. v. Menard, supra.
We must now decide whether the decision of the Court of Appeal comes into collision with this rule.
Upon a mere casual examination it might appear that the decision here under review states a rule to the effect that proximate cause cannot be established by circumstantial evidence. A cautious analysis of the opinion, however, leads us to the conclusion that such was not the rule announced by the Court of Appeal. If it had been then the decision below would collide *734 with our decision in Tucker Brothers, Inc. v. Menard, supra. This is so because we there held that an ultimate fact, such as proximate cause, may in a proper case be established by circumstantial evidence.
In the instant case the Court of Appeal, as we read its opinion, merely held that on the basis of the record before it there was a total absence of evidence, either direct or circumstantial, to support a conclusion that the alleged negligence of the respondents was the proximate cause of the injury to Kenneth Nielsen. In so holding, the rule of the decision below does not come into conflict with the rule of our decision in Tucker Brothers, Inc. v. Menard, supra. The two are obviously distinctly different rules.
We do not here suggest that if we had been charged with the responsibility of the Court of Appeal in the instant case we would have arrived at the same conclusion which they reached. In fact, it is altogether possible that we might have arrived at an entirely different conclusion as to the ultimate effect of the circumstantial evidence and the justifiable inferences to be drawn therefrom. Cf. Majeske v. Palm Beach Kennel Club, supra. Such a difference of view, however, is not the measure of our appellate jurisdiction to review decisions of Courts of Appeal because of alleged conflicts with prior decisions of this Court on the same point of law.
While conceivably there may be other circumstances, the principal situations justifying the invocation of our jurisdiction to review decisions of Courts of Appeal because of alleged conflicts are, (1) the announcement of a rule of law which conflicts with a rule previously announced by this Court, or (2) the application of a rule of law to produce a different result in a case which involves substantially the same controlling facts as a prior case disposed of by this Court. Under the first situation the facts are immaterial. It is the announcement of a conflicting rule of law that conveys jurisdiction to us to review the decision of the Court of Appeal. Under the second situation the controlling facts become vital and our jurisdiction may be asserted only where the Court of Appeal has applied a recognized rule of law to reach a conflicting conclusion in a case involving substantially the same controlling facts as were involved in allegedly conflicting prior decisions of this Court. Florida Power & Light Co. v. Bell, Fla. 1959, 113 So.2d 697.
Under Article V, Florida Constitution, as amended effective July 1, 1957, the power of this Court to issue writs of certiorari was substantially restricted and drastically circumscribed. While the Courts of Appeal and the Circuit Courts were endowed with unlimited authority to issue writs of certiorari within the orbit of their own jurisdiction, the power of this Court to issue such writs, although unlimited prior to the amendment, was subjected to substantial constitutional restraints when the amendment was adopted. The so-called "conflict jurisdiction" was not conveyed to the Supreme Court merely to convert it into a "court of selected errors" whereby the Justices of this Court could whimsically select cases for review in order to satisfy some notion that the case would be of such importance as to justify the interest or attention of this Court.
On the contrary, in order to sanctify the decisions of the Courts of Appeal with an aspect of finality, so essential to prevent any imbalance in the several echelons of the appellate process, the jurisdiction of this Court to exercise certiorari powers and to set aside the decisions of the Courts of Appeal on the conflict theory was expressly limited by the Constitution itself. Ansin v. Thurston, Fla., 101 So.2d 808.
When our jurisdiction is invoked pursuant to this provision of the Constitution we are not permitted the judicial luxury of upsetting a decision of a Court of Appeal merely because we might personally disagree with the so-called "justice of the case" as announced by the Court below. In order to assert our power to set aside *735 the decision of a Court of Appeal on the conflict theory we must find in that decision a real, live and vital conflict within the limits above announced.
As we analyze the decision of the Court of Appeal in the instant matter we fail to find that that Court has announced a rule of law which conflicts with any previous pronouncement by this Court, nor are we presented with a conflicting result in a situation involving substantially the same facts as were involved in any of our prior decisions. Florida Power & Light Co. v. Bell, supra.
Finding as we do the lack of a jurisdictional conflict, the writ of certiorari is hereby discharged.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.
ROBERTS, J., agrees to conclusion.
DREW, J., heard the argument but did not participate in the decision.