CARROLL, DONALD K., Judge.
The defendant in three companion actions for negligence has appealed from the final judgments entered therein by the Circuit Court for Jefferson County based upon a jury verdict at a joint trial.
The actions grew out of a fire which destroyed a building in the city of Monticello, containing three stores, one operated by the defendant and the other two by the plaintiffs in two of the cases. The owners of the building were the plaintiffs in the third case.
The main contention made by the defendant-appellant is that the evidence of neg *391 ligence and proximate cause was insufficient to support the jury verdict of its liability for the damages resulting from the fire.
In order to determine the merits of this contention we have carefully read every word of the testimony at the trial as recorded in the reporter’s transcript.
The following pertinent facts seem to us to be established by substantially uncontra-dicted testimony at the trial:
The grocery store operated by the defendant had for several years been heated by a gas heater suspended from the ceiling in a storage room at the rear of the store. The employees of the defendant had customarily stacked paper and crocus sacks on top of the heater or on its sides. The serviceman for the liquid petroleum gas company had several times warned the defendant’s employees, including the store manager, that those sacks in such proximity to the heater constituted a fire hazard in violation of recognized standards, but these sacks continued to be stacked on the heater. In fact, a few hours before the fire in question broke out this serviceman repaired the heater and placed on the floor the sacks he found on the heater. After he left, but before the fire, the defendant’s store manager replaced those sacks on top of the heater.
Two of the defendant’s employees testified that less than a month before the said fire, the sacks on top of the heater had caught fire.
There is no direct evidence in the record that the fire which destroyed the building had started in the gas heater or because of the sacks on top of it catching fire. The evidence indicated, however, that the fire started in the storage room where the heater was located. Two witnesses saw flames in that room during the early stages of the fire, and one of them testified that the fire broke through the roof “in the near vicinity” of the location of the gas heater.
In this state of the record, an almost impossible task confronts a court that has the responsibility of reviewing the evidence to determine whether that evidence is legally sufficient to support the verdict of a jury, which is the trier of the facts in cases of this kind.
We have no difficulty in concluding that the evidence is sufficient to support the jury’s finding that the defendant was negligent because of its employees’ stacking of the sacks on the gas heater despite warnings of the fire hazard. But the question is fraught with difficulty as to whether the evidence supports the finding that such negligence was the proximate cause' of the fire that destroyed the building. Such a finding is, of course, essential to a defendant’s liability in negligence actions.
Two established principles are applicable to the latter question before us — the circumstantial evidence rule and the inference upon inference rule.
The evidence concerning proximate cause at the trial was at best circumstantial— there is no direct evidence that the fire began in the heater because of the sacks having been negligently stacked by the defendant’s employees.
In arriving at their verdict against the defendant, the jury had to infer that the fire originated in the heater and, having made that finding, the jury had to infer further that it was the sacks negligently stored on the heater that caused the heater to originate the fire.
The evidence adduced at the trial upon the crucial issue of proximate cause — that is, whether the negligence of the defendant’s employees in stacking the sacks on the heater proximately caused the destructive fire — is circumstantial evidence, so its sufficiency must be tested under the so-called “circumstantial evidence rule,” which has long been established in Florida.
The following statement of the circumstantial evidence rule in civil cases was *392 approved by the Supreme Court of Florida in Byers v. Gunn, 81 So.2d 723 (1955) :
“ * * * Where circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance •essential to recovery, the rule is that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might he drawn from the same circumstances. * * *»
The “inference upon inference rule,” which has been recognized and applied in many decisions of the Florida appellate courts, was thus expressed by Justice Thornal, speaking for this court in Commercial Credit Corp. v. Varn, 108 So. 2d 638 (1959):
" * * * In civil cases if the proved circumstances justify an inference pointing to an essential fact which inference outweighs all reasonable inferences to the contrary, it can then be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Tucker Brothers, Inc. v. Menard, supra, [Fla., 90 So.2d 908]. However, the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41.”
Applying the above two rules of evidence to the record before us, we find no testimony or direct evidence that the fire which destroyed the building originated in the gas heater in the defendant’s store. In order to arrive at their conclusion that the defendant was liable for the damages caused by the fire, the jury would have to infer that the fire started as a proximate result of the defendant’s negligence in stacking the sacks on the heater. As we view the record of the trial, the verdict of the jury would have to be founded on inferences based on inferences, which cannot legally be done under the above rules of evidence.
The judgments appealed from, being based upon such a verdict, must be and they are reversed, and the causes remanded for a new trial.
STURGIS, C. J., and WIGGINTON, J., concur.