PER CURIAM.
Upon the original inspection of the petition for certiorari a majority of the Court had the view that there was an apparent conflict between the decision under review and prior decisions of this Court on the same point of law. Article V, Section 4(2), Florida Constitution, F.S.A. The writ was issued and the cause has been heard on both jurisdiction and merits.
A more detailed consideration of the matter now leads to the conclusion that no jurisdictional conflict is revealed by the decision of the District Court. We do not reach the merits of the controversy because the decision under review fails to establish a jurisdictional foundation upon which to rest an exploration of the record on the merits. Tyus v. Apalachicola Northern Railroad Company, Fla., 130 So.2d 580; Pinkerton-Hays Lumber Company v. Pope, Fla., 127 So.2d 441. The measure of our appellate jurisdiction on the so-called “conflict theory” is not whether we would necessarily have arrived at a conclusion differing from that reached by the District Court. The constitutional standard is whether the decision of the District Court on its face collides with a prior decision of this Court or another District Court on the same point of law so as to create an inconsistency or conflict among the precedents. Ansin v. Thurston, Fla., 101 So.2d 808; Nielsen v. City of Sarasota, Fla., 117 So.2d 731.
In Nielsen v. City of Sarasota, supra, so far as the narration of facts in the District Court’s opinion is concerned, we observed:
“Upon a mere casual examination it might appear that the decision here under review states a rule to the effect that proximate cause cannot be established by circumstantial evidence. A cautious analysis of the opinion, however, leads us to the conclusion that such was not the rule announced by the Court of Appeal. If it had been then the decision below would collide with our decision in Tucker Brothers, Inc. v. Menard, [Fla., 90 So.2d 908] supra. This is so because we there held that an ultimate fact, such as proximate cause, may in a proper case be established by circumstantial evidence.
“In the instant case the Court of Appeal, as we read its opinion, merely held that on the basis of the record before it there was a total absence of evidence, either direct or circumstantial, to support a conclusion that the alleged negligence of the respondents was the proximate cause of the injury to Kenneth Nielsen. In so holding, the rule of the decision below does not come into conflict with the rule of our decision in Tucker Brothers, Inc. v. Menard, supra. The two are obviously distinctly different rules.
“We do not here suggest that if we had been charged with the responsibility of the Court of Appeal in the instant case we would have arrived at the same conclusion which they reached. In fact, it is altogether possible that we might have arrived at an entirely different conclusion as to the ultimate effect of the circumstantial evidence and the justifiable inferences to be drawn therefrom. Cf. Majeske v. Palm Beach Kennel Club [Fla.App., 117 So.2d 531] supra. Such a difference of view, however, is not the measure of our appellate jurisdiction to review decisions of Courts of Appeal because of alleged conflicts with prior decisions of this Court on the same point of law.”
Under the Nielsen case and others which followed, we are not at liberty in the absence of the clear acceptance of jurisdiction because of conflict to explore the factual situation beyond that narrated in the opinion of the District Court.
Having been improvidently issued, the writ is therefore discharged.
It is so ordered.
*519 DREW, C. J., and THOMAS, THOR-NAL and O’CONNELL, JJ., concur.
TERRELL, J., dissents with opinion.
ROBERTS, J., and J. FRITZ GORDON, Circuit Judge, dissent and concur with TERRELL, J.