**MILES, et al v. PENNY, et al.**

No. 6676.

Circuit Court, Lake County.

April 10, 1972.

S. Victor Tipton, Orlando, for the plaintiffs.

Akerman, Senterfitt, Eidson & Wharton, Orlando, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

The above cause came on to be heard before me on defendants' motion to dismiss the complaint of the plaintiffs. The plaintiffs consisted of four minors who brought suit by Louverne Miles, their mother and next friend, and Louverne Miles, individually. All five of these parties were allegedly injured in an automobile collision while riding as passengers in an automobile driven by the father of the minors, the husband of Louverne Miles, which collided with another vehicle owned by one of the defendants and driven by another of the defendants.

Defendants contend that the father-husband, not the mother-wife, should be the next friend or should at least be a party in the action. Plaintiffs admit that this would be an advantage to the defendants in that then the negligence, if any, of the driver of the automobile in which plaintiffs were riding could be made an issue in the case, but that for this very reason it is better to avoid the confusion and injustice that might result from such an issue; and that, in any event, under the applicable statute, §46.031 (formerly §46.09), there is no requirement of joinder of the husband-father.

Rule 1.210(b) states that an infant who does not have a duly appointed guardian or other like fiduciary may sue by his next friend, and no restriction is placed upon who the next friend may be. §46.031 provides —

> "In an action brought by a man and his wife, parent or guardian and child for an injury done to the wife or child in which the wife or child is necessarily joined as a co-plaintiff, the husband, parent or guardian may join claims of any nature in his own right."

As applicable to this action, and leaving out irrelevant portions, this statute reads —

> "In any action brought by a . . . parent . . . and child for an injury done to the . . . child, in which the . . . child is necessarily joined as a co-plaintiff, the . . . parent . . . may join claims of any nature in his own right."

We assume that the word "his," the third word from the end of the statute, is used in the broad and not the restrictive sense and there-fore does not intend to restrict to persons referred to to those of the male sex.

In this case the action was brought by the parent mother as next friend for injuries done to her children. The children were neces-sarily joined as co-plaintiffs and she may therefore join claims of any nature in her own right.

In Tucker Bros., Inc. v. Menard, Fla., 90 So.2d 908, the court stated on page 912:

> "The complaint, however, shows that the action was insti-tuted by 'Lewis Arthur Menard, III, a minor, *by his mother and next friend,* Mrs. Helen Menard, and Helen Menard.' In the original complaint, the mother was a plaintiff, as 'next friend' of her minor son and also as an individual. By the original fourth count, the mother individually claimed recovery of medical expenses. By the amended complaint, the father joined in the action purely as an individual to recover the medical expenses paid by him. Reverting to the statute above

quoted and applying it to the instant case, it will be noted that the 'parent' who joined in that portion of the action in respect of which the child 'is necessarily joined as a co-plaintiff' was the mother. Under such circumstances if the mother had sought recovery of expenses paid by her, she could have maintained the cause for the reason that she was the one who was necessarily joined by the minor co-plaintiff. However, when the father entered the action separately and as an individual and not likewise as 'next friend' of the minor, he was not 'necessarily joined' by the child as a co-plaintiff."

In the case at bar the mother's individual claim is for her own injuries rather than for expenses of medical care for the children but the legal principle is the same.

The motion to dismiss is denied.