312 So.2d 732 (1975)
David Roland MANCINI, Petitioner,
v.
STATE of Florida, Respondent.
No. 44121.
Supreme Court of Florida.
April 16, 1975.
Rehearing Denied June 11, 1975.
Allen L. Jacobi, of Jones & Blitstein, for petitioner.
Robert L. Shevin, Atty. Gen. and C. Marie Bernard, Asst. Atty. Gen., for respondent.
PER CURIAM.
Upon the original consideration of the petition for writ of certiorari, a majority of this court felt that there was an apparent conflict with the decision of the District Court of Appeal, Fourth District, in *733 the instant case and prior opinions of this court and other district courts. The writ was issued and we entertained arguments on the merits. The decision brought before us for review affirms a judgment of conviction for possession of marijuana. The two questions presented to the district court were the validity of the search and seizure and the sufficiency of the evidence to sustain the conviction.
It now appears to us upon closer inspection that the writ was improvidently issued and that we are without jurisdiction. Our jurisdiction cannot be invoked merely because we might disagree with the decision of the district court nor because we might have made a factual determination if we had been the trier of fact, Kincaid v. World Insurance Co., 157 So.2d 517 (Fla. 1963). As pointed out in Nielsen v. City of Sarasota, Fla., 117 So.2d 731, our jurisdiction to review decisions of courts of appeal because of alleged conflicts is invoked by (1) the announcement of a rule of law which conflicts with a rule previously announced by this court or another district, or (2) the application of a rule of law to produce a different result in a case which involves substantially the same facts as a prior case. In this second situation, the facts of the case are of the utmost importance.
The District Court's opinion is apparently based on the holding that there was substantial competent evidence upon which the trial court's judgment could be sustained. The holding of the District Court that the facts of the instant case are sufficient to support a conviction is not in conflict with those in a line of cases beginning with Frank v. State, 199 So.2d 117 (Fla.App. 1967), which dealt with joint possession of the premises in which contraband is found. There was evidence which was believed by the fact finder which shows that although the automobile did belong to petitioner's mother, petitioner was in exclusive possession and control at the time of the arrest. The overriding factual consideration in the cases relied on by petitioner is the lack of control and possession of the premises or automobile by two or more persons. There is no evidence here which shows that petitioner was not in exclusive control of the automobile.
Although we might have arrived at a different conclusion as to the effect of the circumstantial evidence and inferences to be drawn therefrom, that is not the measure of our jurisdiction. Nielsen v. City of Sarasota, supra.
Having been improvidently issued, the writ is therefore discharged.
ADKINS, C.J., and ROBERTS, BOYD, DEKLE, OVERTON and ENGLAND, JJ., concur.
McCAIN, J., dissents.