368 So.2d 591 (1979)
Herman CORN, Felix Granados, and Hollybrook Condominium Ventures, Inc., Petitioners,
v.
DEPARTMENT OF LEGAL AFFAIRS, the Governor, and Cabinet of the State of Florida, Respondents.
No. 53973.
Supreme Court of Florida.
February 22, 1979.
*592 Cynthia S. Tunnicliff, of Spector & Tunnicliff, Tallahassee, for petitioners.
Jim Smith, Atty. Gen. and Thomas M. Pflaum, Asst. Atty. Gen., Tallahassee, for respondents.
OVERTON, Justice.
The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ, received briefs on the merits, and heard argument of the parties. For the reasons expressed, we have determined that the order of the First District Court of Appeal granting a motion to dismiss presents no conflict with Bert Rodgers Schools of Real Estate v. Florida Real Estate Commission, 339 So.2d 226 (Fla. 4th DCA 1976).[1]
The District Court, in granting the motion, held that "the action appealed is not final agency action, nor is it intermediate action cognizable under Section 120.68(1), Florida Statutes (Supp. 1976)."
In Bert Rodgers, supra, the District Court found the agency's denial of an evidentiary hearing in accordance with Section 120.57, Florida Statutes (1977), to be improper under the peculiar facts of that case. The District Court noted that the agency did not exercise the discretionary authority granted it by Section 120.54(16), Florida Statutes (1977). The court expressly held the agency failed to "make an express determination as to whether the input hearing was adequate to protect the interests asserted." The District Court further expressed the view that should the agency's flat denial of a hearing be deemed an exercise of discretion, it was an abuse of discretion under the facts which reflected the total failure by the agency to refute in any manner the allegations that the affected party would be harmed unless an evidentiary hearing was held. The agency in Bert Rodgers, supra, clearly did not rule on the adequacy of an input hearing and the need for a Section 120.57 evidentiary hearing.
The petitioner contends that the grant of review in Bert Rodgers, supra, conflicts with the denial of review in this case. We disagree. In the instant case the agency formally responded to the petitioner's allegations that a Section 120.57 hearing was *593 necessary to protect its interests. The petitioner had an opportunity to fully argue that issue before the agency. After hearing the arguments, the agency exercised its discretion, determining that no evidentiary hearing was required. We further note that no administrative rules have as yet been adopted by the administrative agency in this matter.
The effect of the petitioner's contention is that the Bert Rodgers, supra, decision requires a Section 120.57 evidentiary hearing whenever allegations are made that the input hearing will be inadequate. We reject that contention. The District Court in granting the motion to dismiss in the instant case determined (1) that there was no final agency action, and (2) that the discretionary denial of the evidentiary hearing was a preliminary procedural action that did not require immediate review, it appearing to the District Court that the review of the final agency action would be adequate and sufficient for the parties.
We hold that the District Court properly carried out its responsibilities in this case in accordance with the intent of the Administrative Procedure Act. There is no conflict with Bert Rodgers, supra. The controlling facts of the cases are dissimilar. Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960). The petition for writ of certiorari is discharged.
It is so ordered.
ENGLAND, C.J., and ADKINS and SUNDBERG, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
In Bert Rodgers Schools of Real Estate v. Florida Real Estate Commission, 339 So.2d 226 (Fla. 4th DCA 1976), the petitioner sought review of the decision of a state agency denying the petitioner the benefit of an evidentiary hearing under section 120.57, Florida Statutes (1975). The district court of appeal there granted certiorari review of the agency action. In the instant case, judicial review of precisely the same kind of agency action was denied on the ground that it was neither "final agency action" nor reviewable intermediate action. Thus there is conflict of decisions between two of our district courts of appeal, giving us jurisdiction to review the decision below under article V, section 3(b)(3) of the Florida Constitution. We should exercise our jurisdiction and resolve the conflict.
NOTES
[1] The name of the petitioner was misspelled in the official report of this case. Bert Rogers Schools of Real Estate v. Florida Real Estate Commission, 339 So.2d 226 (Fla. 4th DCA 1976).