FERGUSON, Judge
(concurring in part, dissenting in part).
I concur in the results, deducing that the original panel could have affirmed the trial court only by departing from Florida National Bank and Trust Co. at Miami v. Havris, supra, which holds that a deed to a grantee not related by blood or marital affinity to grantor, in consideration for love and affection, is invalid and of no force and effect. Applying the rule of law to the undisputed facts of this case, cancellation of the deed is imperative.
*914 On the question what is the standard for en banc review, I agree with both dissenting opinions. Decisional conflict, as articulated in Nielsen v. City of Sarasota, 117 So.2d 731 (Fla.1960) and discussed in the committee note to Fla.R.App.P. 9.331, is the ground for rehearing en banc. The proceeding is an extraordinary one, intended to be used sparingly. I specifically disagree with the standard suggested by Judge Schwartz — decisions are so inconsistent and disharmonious that they would not have been rendered by the same panel of the court — because it calls for speculation and is facilitative to excessive use of the en banc hearing.