# Supreme Court of Florida

No. SC20-1500
_____

**PAUL THOMAS KARTSONIS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

June 10, 2021

LAWSON, J.

Petitioner Paul Kartsonis seeks review of the decision of the First District Court of Appeal in *Kartsonis v. State*, 302 So. 3d 508 (Fla. 1st DCA 2020), arguing that we have jurisdiction because of the decision's "apparent conflict" with the Second District Court of Appeal's decision in *Gay v. State*, 898 So. 2d 1203 (Fla. 2d DCA 2005), and because the decision expressly affects a class of constitutional or state officers, namely judges. We deny review on the latter basis without comment, *see* art. V, § 3(b)(3), Fla. Const.,

but briefly write to address Petitioner's arguments regarding conflict with *Gay* and explain why we lack jurisdiction.

## ANALYSIS

The Florida Constitution provides that this Court "[m]ay review any decision of a district court of appeal . . . that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law." Art. V, § 3(b)(3), Fla. Const. "Express and direct conflict" is a strict standard that requires either the announcement of a conflicting rule of law or the application of a rule of law in a manner that results in a conflicting outcome despite "substantially the same controlling facts." *Nielson v. City of Sarasota*, 117 So. 2d 731, 734 (Fla. 1960). Because the facts in the second situation "are of the upmost importance," there can be no conflict on this basis when the cases are easily distinguishable. *Mancini v. State*, 312 So. 2d 732, 733 (Fla. 1975).

In the decision under review, the First District held that it was not error for a successor judge to *deny* Petitioner's Florida Rule of Criminal Procedure 3.800(b) motion when the original sentencing judge is unavailable, rejecting the Petitioner's suggestion below that

- 2 -

Florida Rule of Criminal Procedure 3.700(c)(1), which governs the pronouncement of a new sentence by a successor judge in noncapital cases, should apply to all sentencing related matters. *Kartsonis*, 302 So. 3d at 508. In rejecting this suggestion, the First District distinguished *Gay*—the primary decision relied on by Petitioner below—on the grounds that "the defendant in *Gay* was *resentenced* by a different judge." *Id.* (emphasis added).

Petitioner does not disagree with the First District's conclusion that *Gay* is distinguishable but nonetheless argues that we should exercise our discretion to grant jurisdiction because of "apparent conflict" with *Gay*. Nevertheless, where the district court decisions alleged to be in conflict are materially distinguishable, as they are here, we have no discretion to review because we lack jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.

## CONCLUSION

For the reasons explained above, we deny the petition for review.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

Application for Review of the Decision of the District Court of Appeal – Class of Constitutional Officers/Direct Conflict of Decisions

First District - Case No. 1D19-1172

(Duval County)

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, and Julian E. Markham, Assistant Attorney General, Tallahassee, Florida,

for Respondent