# Supreme Court of Florida

---

No. SC2023-1072

---

**CHRISTINE ASKEW, etc.,**
Petitioner,

vs.

**FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,**
Respondent.

May 16, 2024

GROSSHANS, J.

In this case, Christine Askew seeks review of the First District Court of Appeal's decision in *Florida Department of Children & Families v. Askew*, 365 So. 3d 1211 (Fla. 1st DCA 2023). Askew argues that we have jurisdiction because the decision below misapplied a decision from the Third District Court of Appeal. We deny review, finding that "misapplication jurisdiction" is beyond the scope of our conflict jurisdiction under article V, section 3(b)(3) of the Florida Constitution.

I

Kevin Askew resigned from his job with the Florida Department of Children and Families (DCF) after his supervisor determined that he had accessed files for personal use. Mr. Askew later sued DCF under the Florida Civil Rights Act, *see* ch. 760, Fla. Stat., alleging unlawful constructive termination based on disability and gender. A jury sided with Mr. Askew, and the trial court entered judgment consistent with the jury's verdict. The First District, however, reversed, holding that the trial court erred in denying DCF's motion for directed verdict. *Askew*, 365 So. 3d at 1215.

Christine Askew[1] now challenges the First District's holding, arguing that we have jurisdiction under article V, section 3(b)(3). She cites a Third District decision, *City of Miami v. Kory*, 394 So. 2d 494 (Fla. 3d DCA 1981), to support her petition for conflict review. Askew does not argue that the First District's decision states any legal principles inconsistent with *Kory* or that it reaches a different

_____

1. Mr. Askew passed away after the First District held oral argument. The First District granted a motion to substitute Christine Askew, the personal representative of his estate, as Appellee.

outcome based on the same legal principle and similar facts. Instead, Askew claims that the First District misapplied *Kory* and cites to our decisions in *Gibson v. Avis Rent-A-Car System, Inc.*, 386 So. 2d 520, 521 (Fla. 1980), and *Advanced Chiropractic & Rehabilitation Center Corp. v. United Automobile Insurance Co.*, 140 So. 3d 529, 534 (Fla. 2014), as support for granting review based upon a misapplication theory of conflict jurisdiction.[2]

II

The Florida Constitution gives us discretionary authority to "review any decision of a district court of appeal . . . that *expressly and directly conflicts* with a decision of another district court of

---

2. In addition to *Gibson* and *Advanced Chiropractic*, this Court has accepted numerous cases based on a misapplication theory of conflict jurisdiction. *See, e.g.*, *Rippy v. Shepard*, 80 So. 3d 305, 306 (Fla. 2012); *DelMonico v. Traynor*, 116 So. 3d 1205, 1208 (Fla. 2013); *Cortez v. Palace Resorts, Inc.*, 123 So. 3d 1085, 1087 (Fla. 2013). Even still, the misapplication doctrine has remained controversial. *See Knowles v. State*, 848 So. 2d 1055, 1059 (Fla. 2003) (Wells, J., dissenting); *Aguilera v. Inservices, Inc.*, 905 So. 2d 84, 99 (Fla. 2005) (Wells, J., dissenting); *id.* at 106 (Bell, J., dissenting); *DelMonico*, 116 So. 3d at 1222 (Canady, J., dissenting) (failure to "extend and apply" our case law is not a basis for conflict review); *Cortez*, 123 So. 3d at 1098 (Canady, J., dissenting) ("[T]he fact that a majority of this Court disagrees with how a lower court has" applied a precedent "does not establish express and direct conflict.").

appeal or of the supreme court on the same question of law." Art. V, § 3(b)(3), Fla. Const. (emphasis added). In our view, section 3(b)(3) makes it clear that we do not have jurisdiction to review a case without first finding that it directly and expressly conflicts with another decision. *See Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114, 119 (Fla. 2021) (stating commitment to supremacy-of-text principle).

" 'Express and direct conflict' is a strict standard that requires either the announcement of a conflicting rule of law or the application of a rule of law in a manner that results in a conflicting outcome despite 'substantially the same controlling facts.' " *Kartsonis v. State*, 319 So. 3d 622, 623 (Fla. 2021) (quoting *Nielsen v. City of Sarasota*, 117 So. 2d 731, 734 (Fla. 1960)). "Because the facts in the second situation 'are of the upmost importance,' there can be no conflict on this basis when the cases are easily distinguishable." *Id.* (quoting *Mancini v. State*, 312 So. 2d 732, 733 (Fla. 1975)). We have long stressed that there must be a

"real, live and vital conflict" before our jurisdiction may be invoked. *Nielsen v. City of Sarasota*, 117 So. 2d 731, 735 (Fla. 1960).[3]

Nevertheless, on occasion, we have also granted review on "misapplication" grounds, which we said occurs "when a court relies on a decision that involves a situation materially at variance with the one under review." *Advanced Chiropractic*, 140 So. 3d at 534. We have granted such review even when the decision engaging in "misapplication" addressed a different question of law or had substantially different facts from the decision it was alleged to have misapplied. *See id.* at 537 (Polston, J., dissenting) ("The required conflict does not exist here because the Fourth District's decision in *Advanced Chiropractic* addresses a question of law that is entirely different from the questions of law we addressed in [the alleged conflict cases].") In other words, we have said that a district court's decision to rely on an inapplicable case or apply precedent

---

3. The *Nielsen* court noted the importance of constitutional limitations on conflict jurisdiction in order to "sanctify the decisions of the Courts of Appeal with an aspect of finality, so essential to prevent any imbalance in the several echelons of the appellate process." 117 So. 2d at 734.

to different facts provides a sufficient basis for review, especially if we find error in the lower court's analysis.[4]

However, this theory of jurisdiction is incompatible with the constitutionally mandated requirement of direct and express conflict. *See* art. V, § 3(b)(3), Fla. Const. Misplaced reliance on a prior decision does not mean that the two decisions will always "directly" conflict or reach different holdings based on "the same question of law." *See id.* Indeed, Justice Wells questioned the "constitutional underpinning" of misapplication jurisdiction some years ago, stressing that one cannot "find th[e] concept or those

---

4. For example, in *DelMonico,* the Fourth District Court of Appeal applied the principle of litigation immunity as recognized in *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co.*, 639 So. 2d 606 (Fla. 1994). *See DelMonico,* 116 So. 3d 1205. As acknowledged by this Court, *DelMonico* contained substantially different facts than *Levin,* but we accepted review because we found error in the lower court's application of our precedent as applied to a different question of law. *Id.* at 1208 (holding that the immunity doctrine at issue "was never intended to sweep so broadly" as the lower court's extension of it). Justice Canady, however, raised jurisdictional concerns, noting that "[a] decision cannot expressly and directly conflict with another decision on a particular issue unless both decisions contain a holding on that issue." *Id.* at 1221 (Canady, J., dissenting).

words" anywhere in the text of article V. *See Knowles*, 848 So. 2d at 1059 (Wells, J., dissenting).

Our more recent decision in *Kartsonis* reinforces Justice Wells's textual point. In that case, we reiterated that the appropriate conflict standard focuses on "the announcement of a conflicting rule of law or the application of a rule of law in a manner that results in a conflicting outcome despite 'substantially the same controlling facts.'" *Kartsonis*, 319 So. 3d at 623 (quoting *Nielsen*, 117 So. 2d at 734); *accord Aravena v. Miami-Dade Cnty.*, 928 So. 2d 1163, 1166 (Fla. 2006) (express-and-direct conflict exists where two *holdings* are irreconcilable). Noticeably absent from *Kartsonis* was any mention of misapplication—or anything comparable. And as this case illustrates, misapplication of a decision could be alleged even when two decisions involve substantially different facts and state no contradictory legal principles.

Based on this analysis, we acknowledge the flaws in our misapplication jurisprudence and recognize that we overstepped our constitutional authority by applying this theory of conflict jurisdiction. Accordingly, we now affirm what *Kartsonis* implies:

- 7 -

misapplication alone is not sufficient to trigger conflict jurisdiction under article V, section 3(b)(3) of our constitution.

### III

For the above reasons, we deny Askew's petition for review.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

I ultimately agree with the majority's conclusion that our conflict jurisdiction under article V, section 3(b)(3) is not triggered by "misapplication alone." Majority op. at 8. Thus, I concur in the result.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District - Case No. 1D2021-2499

(Leon County)

Marie A. Mattox and Ashley N. Richardson of Marie A. Mattox, P.A., Tallahassee, Florida,

for Petitioner

- 8 -

Ashley Moody, Attorney General, Henry C. Whitaker, Solicitor General, Daniel W. Bell, Chief Deputy Solicitor General, and David M. Costello, Deputy Solicitor General, Office of the Attorney General, Tallahassee, Florida,

for Respondent