108 So.2d 638 (1959)
COMMERCIAL CREDIT CORPORATION, Appellant,
v.
Rita VARN, Appellee.
No. A-67.
District Court of Appeal of Florida. First District.
January 27, 1959.
*639 Holsberry, Holsberry & Emmanuel, Pensacola, for appellant.
Jones & Harrell and David H. Levin, Pensacola, for appellee.
THORNAL, Associate Judge.
Appellant Commercial Credit Corporation seeks reversal of a judgment entered pursuant to a jury verdict in favor of appellee Varn who was plaintiff below in an action for damages.
The point to be determined was whether there was any evidence on which the jury could base a verdict for the appellee Varn.
Appellee Varn, 74 years of age, was a business invitee of the appellant Commercial Credit Corporation when she entered its office to pay a bill. Allegedly while walking across approximately the middle of the lobby of the office, which measured 8 x 17 feet, appellee "skidded" and fell, sustaining severe injuries. She filed suit alleging that the appellant-defendant "negligently and carelessly maintained the floor of the premises * * * in that it allowed the same to become and remain in a condition not reasonably safe to accommodate the plaintiff". She alleged that the condition was known or should have been known to the defendant. The trial judge denied appellant's motion for a directed verdict and the jury rendered a verdict for the appellee. After denying appellant's motion for a new trial, judgment was entered on the verdict. Reversal of the judgment is now sought.
Appellant contends that the record is devoid of any evidence to support a conclusion that it was guilty of negligence.
Appellee contends that there was an adequate circumstantial basis from which the jury could properly infer the presence of negligence.
Inasmuch as the issues have been passed upon by a jury, the burden of the appellant is to demonstrate that there was no evidence whatever upon which a verdict could properly be based. All of the testimony must be read on appeal in the light most favorable to the appellee. It is not our function to consider the credibility of the witnesses or the weight to be given to particular testimony if in fact there was testimony to support the conclusions of the jury.
A careful examination of the record leads inescapably to the conclusion that there was a total absence of any evidence on the salient points dealing with the presence of negligence as the cause of the fall. The appellee herself testified that she did not see any "banana peel" or foreign substance on the floor and that she did not *640 know what she slipped on. Other witnesses testified that they looked at the floor immediately at the time of appellee's fall and there was absolutely no object or other substance on the floor. There were no skid marks or tracings of wax either on the floor or on appellee's shoe. There was evidence that since the floor had last been waxed hundreds of people had walked over it without unusual incident. The only effort made by appellee to establish the dangerous condition of the floor was the testimony of three so-called experts who stated that if a waxed floor were maintained as appellant's janitor testified, then over a period of time the result would be the "building up" of an accumulation of wax that would produce a slippery condition. Two of appellee's experts subsequently testified that the passage of pedestrian traffic over the waxed area would have a tendency to reduce the accumulation of wax to a less hazardous condition. There was no direct testimony whatsoever as to the condition of the floor, the presence of an accumulation of wax, the presence of skid marks or any other aspect of proof customarily found in cases of this nature and going to establish the existence of the dangerous condition that produced the fall.
While this case is similar to First Federal Savings & Loan Ass'n of Miami v. Wylie, Fla. 1950, 46 So.2d 396, there are critical distinguishing aspects. In the Wylie case an immediate examination of the floor where the plaintiff fell revealed the presence of a skid mark 12 to 20 inches long as well as an accumulation of wax on the bottom of the heel of the shoe of the injured invitee. There was also evidence of numerous complaints made during a period shortly prior to the injury based on the alleged slippery condition of the floor. None of these elements of proof are present in the case at bar.
The unfortunate aspect of the matter so far as the appellee is concerned is that she apparently relied entirely upon circumstantial evidence and inferences to be drawn therefrom as a basis to support her position. Circumstantial evidence certainly may be relied upon as a basis for recovery in civil actions. Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908. The rule is clear, however, that the inference of the existence of an essential fact to be drawn from circumstantial evidence cannot be made the basis of a further inference of an essential fact, unless it can be said that the initial inference was established to the exclusion of any other reasonable inference.
Ordinarily, the rule with reference to inferences based on circumstantial evidence is different in civil actions from the rule which applies in criminal matters. In civil cases if the proved circumstances justify an inference pointing to an essential fact which inference outweighs all reasonable inferences to the contrary, it can then be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Tucker Brothers Inc. v. Menard, supra. However, the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41.
Applying these more or less complicated rules of evidence to the situation before us we find testimonial evidence to the proposition that Mrs. Varn was injured when her foot skidded in the defendant's office. Beyond this ultimate fact there is no testimonial or direct evidence either as to the condition of the floor or the cause of the "skidding". In order to arrive at a conclusion that the appellant was responsible in damages for the ultimate injury, the jury would have to infer in the first place that under all of the circumstances there was negligence on the part of the defendant in the maintenance of its floor. *641 On top of this inference it would have to infer that such negligence in maintenance produced a dangerous condition of the floor which in turn existed at the time the appellee walked over it and then the ultimate final inference that such inferred dangerous condition was the proximate cause of the appellee's skidding. It certainly cannot be concluded from this record that the initial inference, towit, the alleged dangerous condition of the floor, was justified to the exclusion of all other reasonable inferences. This being so, it becomes obvious that the ultimate conclusion of the jury would have to be founded on inferences based upon inferences. Under the rules of the cited cases this cannot be done.
We are, therefore, compelled to conclude that the contention of the appellant is sound and that there was no evidence on which the jury could have arrived at a verdict for the appellee. The judgment is, therefore, reversed and the cause remanded for a new trial.
Reversed and remanded.
STURGIS, C.J., and WIGGINTON, J., concur.