SHANNON, Judge.
The appellant, defendant below, has appealed from two final judgments which are based on jury verdicts for the appellees, husband and wife, and which award damages for injuries sustained by the wife in a fall on appellant’s premises.
At the time of the accident plaintiffs, together with another couple, were walking through the grounds of the defendant’s hotel at nighttime on their way to visit one of the hotel’s guests. Neither plaintiff had been on the grounds before. According to the record they were proceeding along a dimly lighted flagstone walk with the plaintiffs third and fourth in a single file when Mrs. Landahl fell upon the walkway and was injured. The cause of Mrs. Landahl’s falling is not plain from the record. She testified that she either tripped or stumbled, but there is no particular point on the walkway to which the court’s attention was directed as having been the specified area upon which she tripped or stumbled. The walkway was a flagstone walk over which the employees and guests of the hotel had been walking for at least eleven years without an accident. Pictures of the walkway show that it has various imperfections, such as is to be expected in flagstone walkways. The plaintiffs had been on this walkway for a sufficient length of time to enable them to tell that it was a flagstone walk even though dimly lighted.
Five points have been argued by the appellant, but we consider the fundamental question to be whether the plaintiffs proved any actionable negligence against the defendant. If not, defendant was entitled to a directed verdict at the conclusion of plaintiffs’ evidence.
The theory of the amended complaint was that the walkway contained imperfections which, together with the insufficient lighting, caused Mrs. Landahl to fall or to be thrown, and as a result, she suffered injuries. To this amended complaint defendant filed the customary answers denying the negligence and charging contributory negligence.
The plaintiffs’ proof of the negligence of the defendant, when narrowed to its *589 essence, amounts to substantially the following quotations of testimony. Quoting from the testimony of the plaintiff, Mr. Landahl:
“And the question: Do you actually know what caused her to fall? And your answer: No, I saw her trip. And the question: Did you see what she tripped on? And your answer: I never investigated. When she fell I went over to help her, to try to help her and I didn’t investigate anything, * * * Is that correct now?
“A. I have no changes to make.”
And a portion of Mrs. Landahl’s testimony:
“Q. Do you recall you were asked if you looked around to see what had caused you to trip or fall? A. Yes, they asked me that question.
“Q. What was your answer? A. I told them I don’t know.
******
“Q. All right, now on thirty one, page thirty one, line fourteen, the question was, did your husband also fall, and the answer, no, no, but I was afraid he was going to scold me about it because I was * * * ’cause I was awkward and fell down. Now that’s your answer then? A. Yes.”
While the plaintiffs introduced evidence tending to show imperfections in the walkway or in the lighting, we are faced with the question of what did cause Mrs. Lan-dahl’s fall. The plaintiffs contend that the jury could have established that fact by believing the circumstantial evidence which they had put in evidence. The defendant contends that to do this would require the jury to place an inference on an inference. Notwithstanding the contentions of both sides, there must be evidence of negligence or evidence from which a jury can infer negligence. In this case it would be error to hold that a jury could infer actionable negligence for the injury sustained from circumstantial evidence which is not shown to have brought injury to the plaintiff.
A particularly good opinion concerning the problem with which plaintiffs were faced in this case is Commercial Credit Corporation v. Varn, Fla.App.1959, 108 So.2d 638, 640, wherein plaintiff, a 74 year old woman, while walking across the middle of the lobby of an office which was 8 by 17 feet, “skidded” and fell, sustaining severe injuries. She obtained a judgment, which her attorney argued, was based on adequate circumstantial evidence from which a jury could properly infer the presence of negligence. Mr. Justice Thornal, Associate Judge, in writing the opinion of the court reversing the judgment, said:
“ * * * However, the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41.
“Applying these more or less complicated rules of evidence to the situation before us we find testimonial evidence to the proposition that Mrs. Varn was injured when her foot skidded in the defendant’s office. Beyond this ultimate fact there is no testimonial or direct evidence either as to the condition of the floor or the cause of the ‘skidding.’ In order to arrive at a conclusion that the appellant was responsible in damages for the ultimate injury, the jury would have to infer in the first place that under all of the circumstances there was negligence on the part of the defendant in the maintenance of its *590 floor. On top of this inference it would have to infer that such negligence in maintenance produced a dangerous condition of the floor which in turn existed at the time the appellee walked over it and then the ultimate final inference that such inferred dangerous condition was the proximate cause of the appellee’s skidding. It certainly cannot be concluded from this record that the initial inference, towit, the alleged dangerous condition of the floor, was justified to the exclusion of all other reasonable inferences. This being so, it becomes obvious that the ultimate conclusion of the jury would have to be founded on inferences based upon inferences. Under the rules of the cited cases this cannot be done.”
The case of Conner v. Butler, Fla.App 1959, 109 So.2d 183, although involving liability under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., is in keeping with the Commercial Credit Corporation v. Varn case, supra, and consequently, our view. As this court quite recently held in Nielsen v. City of Sarasota, Fla.App.1959, 110 So.2d 417, 420:
“The depositions and affidavits reflect a situation of an absence of any competent testimony as to the particulars preceding and incident to the boy’s fall, so that one can only speculate or imagine what actually took place in bringing about his unfortunate downward plunge. There is a total lack of certain evidence to prove proximate cause even if it might be said that there was some evidence of negligence by reason of the faulty construction of the stands. Surely there is no proof that any such faulty construction was the proximate cause of his injury.”
Our holding that the court below should have directed a verdict for the defendant renders it unnecessary to consider the other points of law raised.
Reversed with directions to the court below to enter a final judgment for the appellant.
KANNER, Acting Chief Judge, and OGILVIE, CLAUDE, Associate Judge, concur.