129 So.2d 448 (1961)
McCORMICK SHIPPING CORPORATION, Appellant,
v.
Erma L. WARNER and Paul J. Warner, her husband, Appellees.
No. 60-359.
District Court of Appeal of Florida. Third District.
May 8, 1961.
Shutts, Bowen, Simmons, Prevatt & Boureau and J. Cotton Howell, Miami, for appellant.
Sams, Anderson, Alper & Spencer, Miami, for appellees.
HORTON, Chief Judge.
A final judgment upon a jury verdict was rendered against appellant as a result of injuries sustained in a fall by appellee Erma L. Warner while a passenger aboard a cruise ship operated by appellant. This appeal is from the final judgment.
On the morning of the seventh day of a ten-day cruise, the appellee Erma L. Warner, while attempting to descend by a ladder from an upper bunk in a cabin occupied by her and her husband, fell and sustained injuries. The ladder had been used by Mrs. Warner for several days prior to her fall to gain access to and descend from the upper bunk or bed. The ladder did not collapse, nor was it shown to be defective either by design or otherwise.
The appellees' main charge of negligence was failure to properly inspect and to warn of the defective and dangerous condition of the ladder. Mrs. Warner testified in part regarding the ladder as follows:
"A. I awakened in the morning when the gong went off for rising, which was about 7 o'clock, I presume, and in order to get up, of course, I  well, anyhow, I put my hand along the side of the bed to be sure that the ladder was there, that I would know just exactly where the ladder was, and there was no light to turn on. It was one reason I wanted to be sure where the ladder was, sure the ladder was there. Although one could see, it was dim, but to be sure  I wanted to be sure, and then I sat up and turned on my stomach in order to get onto the ladder because the ladder is difficult to get onto for me because there was nothing to hold onto; you know, the ladder was right against *449 the top of the bed. And then I got onto the ladder and when I got onto the ladder the ladder moved and I fell.
"Q. Now, can you tell us first of all whether you had one or two feet on the ladder? In other words, how many steps had you taken? A. It was my first step on the ladder, and I don't remember really whether I had one foot on or both feet on, but I had stepped onto the ladder.
"Q. Which foot did you first step on the ladder with? A. On the right foot.
"Q. And which way did the ladder move? A. It seemed to move to the right. Things happened so quickly, you know, it is hard to remember what really happened, but it moved and I fell.
"Q. It moved to the right? A. Yes.
"Q. What caused you to fall, ma'am? A. Well, the movement of the ladder."
The appellant introduced into evidence the double decker bunk and ladder used by the appellees.[1] At the close of the appellees' case, the appellant moved for directed verdict, renewed the same at the close of all the evidence and again after the return of the jury verdict. These motions, together with the appellant's motion for new trial, were denied.
The appellant contends that the evidence was insufficient to establish actionable negligence or that such negligence was the proximate cause of the injuries sustained.
The appellant is a common carrier and under the law is required to exercise the highest degree of care for the safety of its passengers. 5 Fla.Jur., Carriers, § 108 and cases collected therein. However, this duty does not extend to the point of making the carrier an insurer of the safety of its passengers.
To support the judgment, the appellees contend that the evidence was sufficient to establish that the ladder supplied by the appellant was defective, inadequate and insufficient as originally constructed, and that the jury could have found from examination of the ladder that it was not reasonably safe for the use for which it was supplied. The appellee wife, as well as her husband, testified that they had used the ladder on several occasions during the cruise and prior to the accident.
There is an absence of any evidence or testimony that the ladder was defective in any manner or that it was broken or in need of repair.
Viewing the testimony and evidence in the light most favorable to the appellees, it appears that for approximately six days they had used the ladder in question without mishap and on the seventh day, when the appellee wife was attempting to descend from the bunk, she placed her foot on the ladder, it moved and she fell to the floor. There is an absence of any evidence relating the movement of the ladder to the alleged breach of duty on the part of the appellant and, under such circumstances, to permit the case to go to the jury invited speculation and conjecture on their part as to how the accident occurred. There is no question that the movement of the ladder was the immediate cause of the appellee's fall, but there is nothing in this record to show why it moved. The jury was required under the circumstances to infer that there was negligence on the part of the appellant in providing a defective or inadequate ladder and upon that inference, to infer further that such negligence was the proximate cause of the fall. Clearly the record does not support the conclusion that the initial inference was justified to the exclusion of any other reasonable inferences and therefore, *450 the rule prohibiting the finding of an ultimate fact on an inference based upon an inference controls. Voelker v. Combined Inc., Co. of America, Fla. 1954, 73 So.2d 403; Pritchard v. Peppercorn & Peppercorn, Inc., Fla. 1957, 96 So.2d 769; Commercial Credit Corp. v. Varn, Fla.App. 1959, 108 So.2d 638; North American Co. v. Landahl, Fla.App. 1959, 113 So.2d 588; In re Yost's Estate, Fla.App. 1960, 117 So.2d 753.
It follows, therefore, that the appellant's motion for directed verdict should have been granted. Accordingly, the judgment appealed is reversed and the cause remanded for the entry of a judgment for the appellant in accordance with its motion for directed verdict.
Reversed and remanded with directions.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] This physical exhibit was made available to and examined by this court at the time of oral argument.