WIGGINTON, Acting Chief Judge.
■ This appeal is from a final judgment entered upon a jury’s verdict in favor of ap-pellees who were plaintiffs in the trial court. The sole question presented for decision is whether the verdict against appellant is supported by sufficient competent substantial evidence.
Appellees, Alma Bowlick and her husband, I. C. Bowlick, brought suit for the recovery of damages resulting from personal injuries sustained as a result of an intersectional automobile collision. Alma Bowlick was riding as a passenger in an automobile operated by another at the time the collision occurred. The vehicle in which she was riding was struck by an automobile owned by one Manherz, which was being operated by his stepson, Tommy. Duncan. Duncan’s negligent operation of the Manherz vehicle, and its proximate cause of injuries sustained by plaintiffs, was sufficiently alleged in the complaint and established by the evidence. The verdict and the judgment entered thereon against Manherz is not questioned on this appeal.
The complaint additionally alleges that an automobile owned by appellant Shields was, immediately prior to the collision in question, carelessly and negligently operated by his son, James Dennis Shields, in complete disregard for the potential consequences of his conduct in that he operated the same in such manner as to confuse or excite Tommy Duncan or to induce, or provoke or suggest to Tommy Duncan that the latter should enter into a contest of speed commonly known as a drag race, or should race his automobile in order to escape further interference by James Shields; that Tommy Duncan was caused by the conduct of James Shields to be confused or excited, or in the alternative was caused to attempt to race with James Shields and was thereby induced tO' drive and propel the Manherz vehicle at a high and dangerous rate of speed in a reckless and negligent manner causing it to collide with the automobile in which plaintiff, Alma Bowlick, was riding as a passenger; that by reason of the negligence of James Shields, precipitating or concurring with the negligence of Tommy Duncan, the plaintiff, Alma Bowlick, was injured resulting in damages for which plaintiffs claimed judgment.
Appellant Shields’ motion to dismiss the complaint for failure to state a cause of action was denied by the trial court. This ruling is not assigned as error and therefore nothing contained in this opinion shall be construed as passing upon the sufficiency or insufficiency of the theory relied upon by plaintiffs as a basis for recovery.
*905 By the allegations of their complaint plaintiffs assumed the burden of proving by a preponderance of the evidence that James Shields, operator of appellant’s automobile, operated the same in such a careless and negligent manner as to confuse or excite Tommy Duncan and to induce or suggest to him that he should enter into a contest of speed or a race in order to avoid further interference by James Shields, and that as a result of such conduct on the part of James Shields, Tommy Duncan became confused or excited or attempted to race his vehicle in a contest with Shields, the proximate result of which was a collision with the automobile in which plaintiff was riding as a passenger.
No useful purpose would be served in detailing the evidence adduced at the trial. We have carefully studied the entire transcript of the trial proceedings and construed the evidence, and all reasonable inferences arising therefrom, in a light most favorable to the plaintiffs in whose favor the verdict was rendered. In addition, we have accorded to the judgment appealed that presumption of correctness which established principles of law require. From our examination of the record we fail to find any competent or substantial evidence from which the jury could have lawfully concluded that James Shields was guilty of any negligent act which proximately caused the collision out of which plaintiffs’ damages arose.
At the conclusion of plaintiffs’ case, as well as the close of all evidence, defendant Shields interposed a timely motion for a directed verdict in his favor. After trial he again moved for a directed verdict in accordance with his previous motions. The court’s action in denying severally each of such motions was erroneous.
Although this court has consistently adhered to the principle that a verdict rendered by a jury and approved by the trial judge who had the advantage of hearing the evidence and observing the demeanor off the witnesses testifying will be accorded! every presumption of correctness, we have not hesitated to set aside a verdict in those instances where it is wholly unsupported by any competent substantial evidence.[1] The judgment appealed is accordingly reversed with directions that judgment be entered in favor of appellant Shields.
STURGIS and RAWLS, JJ., concur.

. Commercial Credit Corporation v. Varn (Fla.App.1959), 108 So.2d 638.