PEARSON, Judge.
The question presented by this appeal is whether the evidence is sufficient to support the jury’s verdict for the plaintiff. At the conclusion of plaintiff’s case, the defendant moved for a directed verdict upon the ground that no actionable negligence by the defendant had been established. The court denied the motion, submitted the cause to the jury, which returned a verdict for the plaintiff. Judgment was entered thereon and this appeal followed.
Plaintiff appellee’s statement of the facts states the following:
The appellee, Patricia Merritt, was crossing a grassy area at N.W. 79th Street and 28th Avenue on June 26, 1973, when her left leg hit a concealed pipe which caused her to fall and injure herself.
The appellee suffered a laceration to her left knee which required fifteen sutures. Subsequent treatment of the knee required the wearing of braces and exercises. Almost three years after the accident, in March, 1976, a consulting physician found objective signs of injury related to the accident: atrophy of the left thigh and pain upon palpation.
At trial, appellee’s uncontroverted testimony showed that there was a sprinkler system in the area in question prior to its use as a parking lot. The sprinkler system was removed in approximately 1966. Appellant testified that it has owned the present parking lot (where the sprinkler system used to be) for approximately ten years.
The complaint alleged that the defendant was negligent, as follows:
“6. That at the said time and place the Plaintiff tripped over a metal pipe that was protruding from the ground that had been hidden from view by an over-growth of grass.
“7. That the installation of said pipe was done in such a negligent manner as to make its presence a danger to anyone walking in the area.
“8. That the Defendant GREENFIELD REAL ESTATE INVESTMENT CORP. had installed the said pipe and knew or should have known of its dangerous propensity.”
An examination of the record shows that the following were not proved: (1) The pipe was upon defendant’s property. (2) *1201 The defendant installed the pipe. (3) The pipe was a part of a sprinkler system. (4) The defendant removed or was responsible for the removal of the former sprinkler system. (5) The defendant knew of the existence of the pipe.
Plaintiff urges that the jury could have inferred that since the defendant had owned the property for about ten years, he could have removed the system and left the pipe as a part of the debris. This argument requires the piling of inferences upon an inference: first, that the pipe was a part of an old sprinkler system; second, that the defendant was responsible for the removal of the old sprinkler system; and third, that the pipe was a part of the debris left by the removal. A prima facie case may not be built upon inferences. See McCormick Shipping Corporation v. Warner, 129 So.2d 448 (Fla. 3d DCA 1961).
The defendant has no duty to go forward with the evidence until the plaintiff establishes a prima facie case. As stated in Sharp v. Long, 283 So.2d 567 (Fla. 4th DCA 1973),
* * * * * *
“No recitation of authority is necessary for the proposition that the burden of proof is on the plaintiff to establish by a preponderance of the evidence each element of his cause of action.”
The judgment must be reversed with directions to enter judgment for the defendant.
Reversed with directions.