572 P.2d 107

**Billy G. ELLIS, Sr., and Velma L. Ellis, husband and wife, Appellants,**

v.

**Francis CARISTI and Marsha Caristi, husband and wife, Appellees.**

**No. 2 CA–CIV 2475.**

Court of Appeals of Arizona, Division 2.

Oct. 5, 1977.

Rehearing Denied Nov. 10, 1977.

Review Denied Nov. 29, 1977.

Leighton H. Rockafellow, Tucson, for appellants.

Bilby, Shoenhair, Warnock & Dolph, P. C., by Michael Lacagnina and David A. Paige, Tucson, for appellees.

OPINION

RICHMOND, Judge.

Appellant Billy G. Ellis, Sr., was injured when he fell from a sawhorse while helping

his neighbor, Francis Caristi, erect a brick wall to enclose the latter's carport. The sawhorse had been assembled by Caristi, using 2 × 4 lumber and metal fittings from a kit but omitting metal wedges provided in the kit that would have made the sawhorse sturdier. The trial court directed a verdict in favor of defendants at the close of plaintiffs' case, and subsequently denied a motion for new trial on the grounds that plaintiffs had failed to establish a jury question on either a breach of duty owed to Ellis, or the cause of the sawhorse's collapse. We hold otherwise, reverse, and remand for a new trial.

It is axiomatic that in reviewing a judgment entered on a directed verdict for the defense, conflicting evidence must be viewed in a light most favorable to plaintiff. A motion by defendant for a directed verdict is regarded as admitting the truth of whatever competent evidence plaintiff has introduced, including the reasonable inferences to be drawn therefrom. *Nichols v. City of Phoenix*, 68 Ariz. 124, 202 P.2d 201 (1949).

■ Although the parties in their arguments at trial and on appeal, and the trial court in its rulings, have spoken in terms of the duty of an owner or possessor of premises, the facts more properly present a question involving the supplier of a chattel.[1] Caristi's duty would have been the same if he had provided the sawhorse for Ellis's use in the latter's own carport; i. e., to use ordinary care to see that the equipment was in a reasonably safe condition. *Patterson v. Chenowth*, 89 Ariz. 183, 360 P.2d 202 (1961). *See also* Restatement of the Law, Torts 2d, § 388. The fact that the bailment is gratuitous does not change the rule. *Casey v. Beaudry Motor Co.*, 83 Ariz. 6, 315 P.2d 662 (1957); Restatement of the Law, Torts 2d § 405.

Caristi testified that when he first assembled the sawhorse for use in cutting a board

he was unable to hammer into place the metal wedges that would have made it sturdier. He abandoned the effort because it seemed steady enough without them for the job then at hand. A few days later, Ellis asked Caristi for something to stand on while working near the top of the carport wall, and Caristi produced the sawhorse from his storeroom. Ellis climbed on the sawhorse, and it collapsed less than a minute later.

■ From the foregoing, we believe there was sufficient evidence to present a jury question on whether Caristi was negligent in supplying Ellis with the sawhorse to stand on without either inserting the wedges or warning Ellis of their absence, and that the jury could reasonably have inferred that the absence of the wedges contributed to the collapse of the sawhorse and Ellis's injuries.

Reversed and remanded for new trial.

HOWARD, C. J., and HATHAWAY, J., concur.

---

1. As noted by appellees, *Moore v. Southwestern Sash & Door Co.*, 71 Ariz. 418, 228 P.2d 993 (1951), is couched in language of premises liability although it involved a power joiner. We do not conceive the duties of a land owner or occupant on the one hand and a chattel supplier on the other to be mutually exclusive, however. In *Moore*, where plaintiff was a business invitee, for all practical purposes those duties were identical.