445 So.2d 1142 (1984)
Peter NOEL and Legeia Noel, His Wife, Appellants,
v.
M. ECKER & COMPANY and Carpentry Collaborative, Inc., Appellees.
No. 82-1276.
District Court of Appeal of Florida, Fourth District.
March 7, 1984.
*1143 David L. Kahn of David L. Kahn, P.A., Fort Lauderdale, for appellants.
Steven Kronenberg of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellees.
PER CURIAM.
Appellant Peter Noel was operating a Bostitch T-Nailer during the course of his employment as a construction carpenter when he suffered sudden severe head pain. A subsequent visit to a hospital resulted in a diagnosis of bilateral hearing impairment. Noel thereafter sued appellees, M. Ecker & Company and Carpentry Collaborative, Inc., for damages resulting from his partial loss of hearing. The stated cause of action relevant to this appeal was that Ecker and/or Carpentry negligently assigned a T-Nailer to Noel where it was known or should have been known that the continued and regular use of the T-Nailer without some protection for the user's ears could or would result in hearing impairment.
The T-Nailer is a device used to put nails or staples in concrete and cement. It has a loud functional noise level. Noel had been regularly operating this device over a period of several months. Ecker and Carpentry are two companies that are almost indistinguishable on an operational level. Ecker owns Carpentry, and functions as a subcontractor to provide construction related *1144 equipment and management. Carpentry provides labor for construction projects.
Appellant Noel contends that the trial court erred in directing verdicts in favor of Ecker and Carpentry. We affirm the directing of a verdict in favor of Carpentry, based on its statutory immunity from suit under § 440.11, Florida Statutes (1981). However, we reverse the directing of a verdict in favor of Ecker.
Appellant did not allege that the T-Nailer was defective or unreasonably dangerous; liability is premised upon Ecker's negligence in supplying a dangerous instrumentality to Noel without also supplying adequate safety equipment.
In Green v. Sanson, 41 Fla. 94, 25 So. 332 (Fla. 1899), the plaintiff, an employee of an independent contractor hired to perform plumbing inspections and repairs, selected certain ropes from those owned and used by the defendants/contractees in their work to hoist himself up in order to seal a pipe with molten lead. The rope broke; plaintiff fell and was burned by the lead.
The court stated the evidence supported the view that the plaintiff was a servant of the defendant at the time of the accident, but it also noted that, even if he is considered instead as an employee of an independent contractor, the "defendants had assumed certain duties towards [sic] them which would give plaintiff a right of action for negligence in the discharge of those duties." Green, supra, 25 So. at 335.
[I]t is evident that defendants knew the dangerous purpose for which a hoistaway was needed; that they gave permission to select from their appliances such ropes as might be needed; or, in other words, undertook to furnish the ropes to be used for this specific purpose, leaving the selection to be made by plaintiff. Where the employer undertakes to furnish his own employe', or those of an independent contractor, some of the implements or instrumentalities for executing the required work, he thereby assumes a duty to exercise ordinary and reasonable care, measured by the surrounding circumstances, to provide such instrumentalities as will be reasonably safe and suitable. (citations omitted) Green, supra, 25 So. at 335.
Conversely, the servant must exercise ordinary care for his own safety and notice all patent and obvious defects. Green, supra, 25 So. at 335. The court concluded that the defendants did not breach the duty owed, and reversed a jury verdict in favor of the plaintiff. Green, supra, 25 So. at 336.
In Tillery v. Standard Sand and Silica Company, 226 So.2d 842 (Fla. 2d DCA 1969), an independent contractor was killed while operating a welding machine supplied by the defendant/contractee on defendant's premises. The cause of death was either electrocution due to an alleged defect in the welding machine or a fall to the ground from the perch where decedent was operating the machine. The trial court had directed a verdict in favor of the defendant.
The district court first considered whether the defendant owed any duty to plaintiff which, if breached, would give rise to liability. The court looked to Green in defining the duty owed, and held that the defendant, by hiring the decedent to do work on its premises, owed him a duty either to warn of or use ordinary care to furnish protection against latent or potential dangers of which the defendant had actual or constructive knowledge, where the decedent lacked such knowledge. Tillery, supra, at 846, citing Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla. 1953).
We find that, since Ecker undertook to supply construction equipment to be used by Noel, it assumed a duty to exercise ordinary and reasonable care under the circumstances to supply such instrumentalities as will be reasonably safe and suitable. If Ecker had actual or constructive knowledge that the T-Nailer was likely to be dangerous for the use supplied, it similarly owed a duty either to give an adequate warning or use ordinary care to provide adequate safety protection under the circumstances. Of course, any knowledge on the part of Noel concerning the dangerous condition raises an issue of comparative negligence. Green, supra; Tillery, supra; Restatement (Second) of Torts, *1145 §§ 388, 392 (1965). See also Billiar v. Minnesota Mining and Mfg. Co., 623 F.2d 240, 247 (2d Cir.1980); Ellis v. Caristi, 117 Ariz. 279, 572 P.2d 107 (1977); Everett v. Bucky Warren, Inc., 376 Mass. 280, 380 N.E.2d 653 (1978).
Our study of the record convinces us that there was sufficient evidence to require submission of the question of Ecker's liability to the jury.
In view of the foregoing, the judgment in favor of Carpentry Collaborative, Inc., is affirmed and the judgment in favor of M. Ecker & Company is reversed and the cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
DOWNEY, HERSEY and DELL, JJ., concur.