631 So.2d 380 (1994)
Thomas L. HURST, Appellant,
v.
Osvaldo ASTUDILLO, Appellee.
No. 93-1473.
District Court of Appeal of Florida, Third District.
February 15, 1994.
*381 Thomas L. Hurst, in pro. per.
Keith, Mack, Lewis, Cohen & Lumpkin, Hugh Lumpkin, Keith T. Grumer and Leslie Cecil, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Osvaldo Astudillo, an oil furnace repairman, was called to Thomas Hurst's Miami Shores home to make repairs. Upon inspection, Astudillo suggested to Hurst that the problem might have to do with the flue. Astudillo and Hurst then went to the side of the house. Hurst placed a ladder which was on the premises in such a fashion as to enable the two men to climb up to the roof. Hurst successfully went up to the roof first. Astudillo began his ascent and then fell, injuring himself. Astudillo filed the instant negligence action. Following a non-jury trial, final judgment was rendered finding negligence on the part of Hurst which was the legal cause of damage to Astudillo. Negligence was apportioned, 50% attributable to Astudillo, and 50% attributable to Hurst.
At trial, Astudillo submitted no evidence that the ladder was defective, and further, no evidence that the placement of the ladder against the roof eaves created a dangerous condition. Astudillo himself did not know if the ladder slipped or, if it slipped, what caused it to slip. While Hurst argued Astudillo had simply fallen off the ladder, the trial judge concluded that Hurst was negligent and this negligence was the proximate cause of Astudillo's injuries.
Inferences may be pyramided only if the initial inference is established to the exclusion of any other reasonable theory. Barcello v. Rubin, 578 So.2d 58 (Fla. 4th DCA), review denied, 589 So.2d 292 (Fla. 1991). Under similar factual circumstances, in McCormick Shipping Corp. v. Warner, 129 So.2d 448, 449-50 (Fla. 3d DCA 1961), cert. dismissed, 148 So.2d 280 (Fla. 1962), we concluded that the trial court could not infer that there was negligence on the part of the appellant in providing a defective or inadequate ladder and upon that inference, to infer further that such negligence was the proximate cause of the plaintiff's fall. As we observed in McCormick:
Clearly the record does not support the conclusion that the initial inference was justified to the exclusion of any other reasonable inferences and therefore, the rule prohibiting the finding of an ultimate fact on an inference based upon an inference controls. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; Pritchard v. Peppercorn & Peppercorn, Inc., Fla. 1957, 96 So.2d 769; Commercial Credit Corp. v. Varn, Fla.App. 1959, 108 So.2d 638; North American Co. v. Landahl, Fla.App. 1959, 113 So.2d 588; In re Yost's Estate, Fla.App. 1960, 117 So.2d 753.
129 So.2d at 449-50. Simply stated, Astudillo's fall, standing alone, cannot support a finding of Hurst's liability.
Accordingly, the order under review is reversed and the case is remanded for the entry of judgment in Hurst's favor.