675 So.2d 702 (1996)
WINN DIXIE STORES, INC., Appellant,
v.
Sarah Jane WHITE, Appellee.
No. 95-2499.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
Richard N. Blank of Richard N. Blank, P.A., Fort Lauderdale, for appellant.
R. Fred Lewis of Kuvin, Lewis, Restani & Stettin, P.A., Miami, for appellee.
GUNTHER, Chief Judge.
Appellant, Winn Dixie Stores, Inc., defendant below, seeks review of the jury verdict rendered in a slip-and-fall case. On appeal, Winn Dixie asserts that the trial court erred in denying its motion for a directed verdict. We agree.
The evidence adduced at trial reveals that the appellee slipped and fell in Winn Dixie, sustaining personal injuries. A man with a buffer was observed near the location of appellee's fall; however, no witness had seen the man buff the particular area where appellee fell. Although the floor surface was shiny, appellee found no wetness or other *703 cause for her accident when she looked after falling. Moreover, a witness who noticed appellee's fall experienced no slipperiness on the floor.
Winn Dixie's store manager testified that the buffing takes place regularly and does not leave the floor surface slippery or wet. Furthermore, an examination of the area shortly after the accident revealed nothing on the floor. At the close of the evidence, the trial court denied Winn Dixie's motion for directed verdict.
In considering a motion for directed verdict, all inferences of fact should be construed most strictly in favor of the non-moving party. Cooper Hotel Servs., Inc. v. MacFarland, 662 So.2d 710 (Fla. 2d DCA 1995), rev. denied, 670 So.2d 939(Fla.1996). Negligence, however, may not be inferred from the mere happening of an accident alone. Id. at 712; Belden v. Lynch, 126 So.2d 578, 581(Fla. 2d DCA 1961). Circumstantial evidence "will not support a jury inference if the evidence is purely speculative and, therefore, inadequate to produce an inference that outweighs all contrary or opposing inferences." Food Fair Stores, Inc. v. Trusell, 131 So.2d 730, 733 (Fla.1961). In order to find Winn Dixie liable in the instant case, the jury would have to necessarily infer that there was a dangerous condition at the situs of the fall and that Winn Dixie had actual or constructive knowledge thereof. Such inferences could not be properly drawn from the evidence adduced. Rather, they could only be drawn from speculation and conjecture.
Accordingly, the trial court erred in denying Winn Dixie's motion for a directed verdict. As such, the instant case is reversed and remanded with directions to the trial court to enter a verdict in favor of Winn Dixie.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.