685 So.2d 988 (1997)
Wayne MILLER and Judy Miller, his wife, Appellants,
v.
James ALDRICH and Ferran Engineering Group, Inc., Appellees.
No. 96-928.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
*989 Wade B. Coye and Robert J. Crohan, Jr., of Wade Coye & Associates, Orlando, for Appellants.
Jeffrey Dean Starker, John Ward Smith and Frank D. Hosley of Roth, Edwards, and Smith, P.A., Orlando, for Appellee Ferran Engineering Group, Inc.
Robert A. Kingsford of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee James Aldrich.
W. SHARP, Judge.
Wayne and Judy Miller, husband and wife, appeal from an adverse final summary judgment in a negligence suit brought by them against James Aldrich and Ferran Engineering Group, Inc. They sought to recover damages for the severe physical injuries suffered by Wayne when he fell from a ladder. We affirm because the record fails to establish any breach of a duty owed to Wayne by either appellee, and any reason or explanation for why Wayne fell from the ladder.
In this case, the facts of what happened were not in dispute. Aldrich had contracted to build a private residence for himself and his wife with Holiday Builders of Deltona, Florida, on land they owned in Lake Helen, Florida. He was a refrigeration, heating and cooling technician with Ferran and had been a licensed journeyman for seven years. Holiday agreed to allow Aldrich to install the HVAC system in the house, and to pay him the amount allotted in the contract price for that work.
In order to obtain a residential building permit from Volusia County, Holiday had to provide a license number of a HVAC contractor. Aldrich did not have such a license. As an accommodation to Aldrich, a manager of Ferran obtained approval to use Ferran's license number. Ferran's Class A Certified Air Conditioning Contractor License number was furnished to Holiday, which used it to obtain the residential permit from Volusia, listing Ferran as the subcontractor on the project.
Ferran had no other connection or contact with this project other than assisting Aldrich in selecting appropriate equipment, ordering it, and having it delivered to Ferran's facility. Aldrich did the HVAC work on his own house on his own time, and Ferran was not to be paid for any work done by him on that project, nor did Ferran authorize Aldrich to hire any other person to work with him on it.
Wayne Miller is Aldrich's father-in-law. He asked Aldrich if he wanted some help on the HVAC work. Aldrich knew Miller was fifty-seven years old, a diabetic, had spells of disorientation, and had never been a licensed contractor or certified in any construction trade. He also had not installed or sealed duct work.
Aldrich instructed Miller on four consecutive days, on how to wrap and seal ducts and how to cut and assemble pieces of duct work. Miller performed this last task while standing on an eight-foot step ladder. On the last day, his job was to seal the seams by applying a coating of mastic over the joints, with a paint brush. In order to reach the ducts, then located three feet above the ten-foot ceiling, he had to use a step ladder.
Aldrich did not specifically instruct Miller on how to use the ladder. But, Miller testified in his deposition that he knew more about using ladders than Aldrich did. On the day before the accident, Aldrich saw Miller standing on the top step of the ladder and walking the ladder (shimmying the ladder side to side while standing on it, in order to move it). Aldrich knew both uses of the ladder were dangerous and improper. He warned Miller about such practices.
On the day of the accident, Miller opted to paint the seams of the ducts, and to use an eight-foot ladder rather than a ten-foot one. Aldrich told Miller to let him know when Miller needed to go to lunch, and if he did not feel well, to get off the ladder and relax. No one, including Miller, could say why Miller fell from the ladder. Aldrich did not see Miller fall, and Miller said "I have no idea of what happened." Due to the position in which he fell, on top of the ladder, and the severe injuries he suffered, Miller apparently fell from near the top of the ladder.
Based on this record, if Aldrich and/or Ferran owed Miller a duty to exercise *990 reasonable care in doing what they did, there is no suggestion as to how they breached that duty and thus no suggestion as to how that unknown breach proximately caused Miller's injuries. This is the necessary consequence of not being able to suggest a reason why Miller fell from the ladder in the first place. The fact that an accident occurred does not, in an ordinary case, establish breach of a duty by another party, or causation. See Wong v. Crown Equipment Corp., 676 So.2d 981 (Fla. 3d DCA 1996); Adkins v. Economy Engineering Co., 495 So.2d 247 (Fla. 2d DCA 1986); Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), rev. denied, 407 So.2d 1102 (Fla.1981); Hurst v. Astudillo, 631 So.2d 380 (Fla. 3d DCA 1994); McCormick Shipping Corp. v. Warner, 129 So.2d 448 (Fla. 3d DCA 1961).
Miller had the initial burden of establishing why he fell from the ladder, and some link between his fall and a breach of a duty owed him by one of the appellees, or that his mere fall was inferentially attributable to a failing on the part of one or both of the appellees. These things are totally lacking in this case. Thus the trial judge was correct in refusing to send such a case to the jury and disposing of it by a final summary judgment.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.