SHEPHERD, J.,
dissenting.
I respectfully disagree with the majority opinion and would affirm the summary judgment below.
Nunez alleges that the appellee-defen-dant gas station was negligent in allowing a dangerous condition to exist for an unreasonable length of time on a raised sidewalk from which he fell. However, there is no direct evidence that there was a substance of any type at the spot where Nunez said he fell. Indeed, the direct evidence is to the contrary. Nunez testified that prior to the accident, he traversed the path where he fell on his way to the bathroom and did not see anything on the raised sidewalk. Moments later, after his fall on his return trip from the bathroom, he still could not identify what may have caused him to slip and fall. The gas station attendant who came out to help Nunez likewise stated that she saw no foreign substance in the area where Nunez fell, and that a routine inspection of the premises earlier that morning also revealed no foreign matter or debris.
Having no direct evidence upon which to proceed, the plaintiff seeks to rely upon circumstantial evidence to prove his case, namely the testimony of his wife, who, though not having witnessed the slip and fall, claims that she observed a greasy substance on his pant seat bottom and sneakers when she received these items from the hospital several days later. Surprisingly, she has since thrown away these items. Based on her testimony, the majority concludes that there exists a “reasonable inference that Nunez [fell] as a result of grease accumulating in that area.” I disagree.
Negligence may not be inferred from the mere happening of an accident. Winn Dixie v. White, 675 So.2d 702 (Fla. 4th DCA 1996). Circumstantial evidence “will not support a jury inference if the evidence is purely speculative and, therefore, inadequate to produce an inference that outweighs all contrary inferences.” Food Fair Stores, Inc. v. Trusell, 131 So.2d 730, 733 (Fla. 1961). In order to find the defendant liable in this case, the jury would necessarily have to infer (1) that the purported greasy substance existed in the area where plaintiff lost his footing, (2) that the plaintiff slipped and fell as a result of directly stepping on the assumed substance, and (3) that the defendant either caused the assumed substance to be on the sidewalk or had actual or constructive notice of such assumed dangerous condition. Such stacking of inferences is impermissible from the evidence adduced.
*33 The courts of this State have long held that in order to sustain a prima facie showing of negligence, a party can rely on circumstantial evidence, however the initial inference must be established to the exclusion of any other reasonable theory or inference. Hurst v. Astudillo, 631 So.2d 380 (Fla. 3d DCA 1994). “The established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary.” Commercial Credit Corporation v. Vam, 108 So.2d 638, 640 (Fla. 1st DCA 1959). This statement essentially means that the initial inference be established to the exclusion of any other reasonable theory or inference. Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977, 978 (Fla. 4th DCA 1987) (“cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences”). Otherwise, summary judgment dismissal for the defendant is proper.
In this case, the parties agree that there is no direct evidence of a foreign substance being on the ground at or near the spot where Nunez fell. However, the majority believes that we must infer that either “grease, water, or some form of liquid” existed on the raised sidewalk “for an unreasonable amount of time” based on the wife’s testimony that some kind of greasy substance was on the missing clothing that she received from the hospital a few days after the accident. This inference cannot “be elevated to the dignity of an established fact” in this case. Commercial Credit, 108 So.2d at 640. For example, it cannot be excluded that Nunez tracked the greasy substance from some other location prior to the fall, or that the hospital or ambulance service rubbed a greasy substance on the clothing in the removal process or in administering aid. These alternative explanations, i.e. contrary reasonable inferences, preclude the elevation -of the initial inference concerning grease at the exact spot where Nunez stepped “to the dignity of an established fact.” Commercial Credit, 108 So.2d at 640. Florida case law, in very similar factual circumstances, has not allowed such a loose inference to be drawn and raised to the level of an established fact. See Hamideh v. K-Mart Corp., 648 So.2d 824, 825 (Fla. 3d DCA 1995) (even though plaintiff described a “clear liquid” on the floor and on her shoe, the court affirmed summary judgment since an employee stocking shampoo “is insufficient, without more, to create an inference that ... the shampoo-like substance [was] on the floor”); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977, 978 (Fla. 4th DCA 1987) (though plaintiff did not know what caused her to slip near the deli counter, and noticed grease on her skirt at the hospital, the court ruled against the plaintiff, finding that she “failed to show how the [dangerous] condition, if any, was created”).
Secondly, even assuming the existence of a foreign substance in the vicinity of where Nunez fell, it would be purely speculative for a jury to then conclude that the accident occurred as a result of Nunez stepping on a foreign substance, as opposed to, for example, a misstep. See Winn Dixie Stores, Inc. v. White, 675 So.2d 702, 703 (Fla. 4th DCA 1996) (customer could not identify what caused her to slip and fall, and an employee with a buffer nearby -was insufficient to establish negligence since the inference “could only be drawn through speculation and conjee- *34 ture”); Hurst v. Astudillo, 631 So.2d 380 (Fla. 3d DCA 1994) (court could not infer negligence by inferring that a defective or inadequate ladder was provided, and then further inferring that such negligence was the proximate cause of plaintiffs fall, when the first climb up the ladder proved successful, and plaintiff did not know if the ladder slipped, or what caused it to slip on the second ascent). The wife’s testimony of the alleged stains on the vanished apparel, even assuming their truthfulness in favor of the plaintiff, is insufficient to infer negligence to the exclusion of any other reasonable theory, such as tracking grease from some other location, application of grease by the hospital or ambulance staff, collecting grease on impact, or an unfortunate misstep and fall, irrespective of the assumed grease.
Because the first inference, as well as the second, are shaky, the last inference of adequate notice is essentially a moot point. Nevertheless, here also, Florida case law would demand a summary judgment for the defendant premises owner. See Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977, 978 (Fla. 4th DCA 1987) (court ruled against plaintiff with grease on her skirt, finding that she “failed to show how the [dangerous] condition, if any, was created, who caused it, how long it existed, or that the store was responsible”); Hamideh v. K-Mart Corp., 648 So.2d 824, 825 (Fla. 3d DCA 1995) (even though plaintiff described a “clear liquid” on the floor and on her shoe, court affirmed summary judgment since an employee stocking shampoo “is insufficient, without more, to create an inference that the [Defendant] caused the shampoo-like substance to be on the floor or that store owner had either actual or constructive notice of dangerous condition”). Nunez, himself, testified that he saw nothing on the raised sidewalk on his walk to the facility’s restroom. Only moments later he crossed the same platform before his fall, and he still did not know what caused him to fall, and could not identify any substance in the vicinity. The gas station employee concurred that she saw nothing post-fall, and her earlier inspection revealed no dangerous condition. It would now be pure guesswork to believe that plaintiff fell as a direct result of stepping on an assumed greasy substance, and then to assume the defendant had adequate notice of this “possible” substance.
In sum, the plaintiffs effort to launch a premises liability case based upon his wife’s circumstantial testimonial evidence must fail as a matter of law. Any verdict bottomed thereon in this case would be “purely speculative.” Trusell, 131 So.2d at 733. I would affirm the summary judgment below.