921 So.2d 868 (2006)
Jairo ORTIZ, Appellant,
v.
Ariel LORIE, Appellee.
No. 4D05-3.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*869 Robert Garven, Coral Springs and Dan Cytryn of Cytryn & Santana, P.A., Tamarac, for appellant.
Richard A. Sherman, Sr. of Richard A. Sherman, P.A., Fort Lauderdale, and Tracy Starasoler of Pine & Bergier, Hollywood, for appellee.
WARNER, J.
Jairo Ortiz appeals a final summary judgment in his negligence action against Ariel Lorie. He contends that he was injured as a result of a fall from Lorie's ladder because it was defective. Because there was evidence that he fell while descending Lorie's ladder and that the ladder was defective, we conclude that there were issues of material fact, precluding summary judgment. We reverse.
Ortiz was contacted by Lorie to pressure clean Lorie's roof. When he arrived, he had forgotten his ladder, so Lorie provided his own extension ladder for Ortiz's use. Lorie had used the ladder for years and had never observed any defects in it. Ortiz used the ladder once without incident. On his second trip down the ladder, he fell and suffered serious injuries. He does not remember anything about the accident except that he was descending down the ladder. Lorie found Ortiz sitting on the ground, with the ladder lying near him.
A ladder expert filed an affidavit testifying that he had inspected pictures of the ladder in question and found it to be improperly assembled, which he did not attribute to a manufacturing defect but to a later disassembly and improper reassembly. The expert asserted that this would affect the proper functioning of the extension locks, which prevent the ladder from inadvertently retracting during use. Further, the expert observed the ladder shoes "stuck" in a position which would indicate that they did not freely swivel so that their pads could make full contact with the ground. Finally, one of the shoes was significantly worn, meaning that bare metal would contact the ground. This would adversely affect slip resistance.
Lorie moved for summary judgment, contending that as a landowner he was required only to provide reasonably safe premises to a business invitee and to warn the invitee of any latent perils which are known or should be known to the owner but which are not known, or by the exercise of reasonable care could not be known, to the invitee. See Portal v. Asencio, 824 So.2d 1041 (Fla. 3d DCA 2002). Because *870 the homeowner did not know of any defects, his knowledge could not be superior to that of Ortiz. Moreover, the defects were capable of being seen by the expert from the pictures. Thus, Lorie also contended that they were open and obvious, and as apparent to Ortiz as they would have been to him. Finally, he argued that because Ortiz could not remember the fall and thus why the accident happened, a judgment should be entered for the defendant based on the rule against pyramiding an inference on an inference.
On the other hand, Ortiz relied on a theory of liability based upon the duty of a principal to see that the instrumentalities that he provides to an independent contractor are reasonably safe for use. See Noel v. M. Ecker & Co., 445 So.2d 1142 (Fla. 4th DCA 1984). Ortiz alleged that Lorie negligently furnished a defective ladder for his use, despite Lorie's knowledge that the ladder was dangerous and unsteady. The trial court granted summary judgment, and this appeal followed.
"The standard of review for an order granting summary judgment is de novo." 5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd. P'ship, 876 So.2d 1220, 1221 (Fla. 4th DCA 2004). "When reviewing a ruling on summary judgment, an appellate court must examine the record and any supporting affidavits in the light most favorable to the non-moving party." Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 997 (Fla. 4th DCA 2004). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). "When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. Rather, the court's function is solely to determine whether the record conclusively shows that the claim cannot be proved as a matter of law." Jennaro v. Bonita-Fort Myers Corp., 752 So.2d 82, 83 (Fla. 2d DCA 2000).
It is undisputed that the ladder belonged to Lorie who provided it to Ortiz to pressure clean Lorie's roof. Thus, Ortiz's claim falls within the theory of negligence followed in Noel. It was Lorie's duty to provide a reasonably safe ladder for Ortiz's use. The expert's affidavit provided evidence that the ladder was worn and improperly assembled, defects caused by age and mishandling rather than from manufacturing. These defects would cause the ladder to be unsteady, subject to retraction, and slipping. Thus, the affidavit raised material issues of fact that Lorie either knew or should have known of the defective condition of the ladder.
That Ortiz does not remember exactly how the accident occurred does not defeat his cause of action. "[I]n a negligence case the defendant does not meet this burden merely by showing that the plaintiff himself is not sure what caused his injury. Rather, to obtain summary judgment the defendant must establish unequivocally that it was not negligent or that the plaintiff's negligence was the sole proximate cause of the injury." Jennaro, 752 So.2d at 83. Ortiz remembered that he was descending the ladder when the accident occurred. In Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), the plaintiff fell while descending a flight of stairs at a dog track operated by the defendant. The plaintiff alleged negligence *871 in that: 1) the defendant was negligent in maintaining the steps with treads and risers of irregular widths and heights; and 2) the defendant failed to warn the plaintiff of that dangerous condition. The plaintiff testified that she was going down the stairs and that she slipped and fell somewhere near the bottom. However, the plaintiff did not remember how the accident occurred. Id. at 533. There was evidence that the stairs were of varying height, and an architect opined that they created a hazardous condition. The court reversed a summary judgment for the defendant, reasoning:
[W]hether such negligence was the proximate cause of the plaintiff's injury could be proven as conclusively by circumstantial as by parol evidence. Were this not the rule, the survivors of one killed in an accident where there are no eye witnesses would be precluded from recovery. Moreover, one rendered unconscious by an injury or having no knowledge of its cause or how it occurred would be placed in an untenable position with reference to proof. Circumstantial evidence, therefore, is clearly admissible. Where, as here, a prima facie case of negligence on the part of the defendant is made to appear, and the plaintiff's injury is clearly shown, a jury would be entitled, without speculating, to draw reasonable inferences from all pertinent and lawful evidence. It would certainly be reasonable to infer or to assume that the injured party in this cause did not deliberately and designedly fall.
Id. at 533-34 (footnote omitted). Similarly, Ortiz presented evidence that the ladder was dangerous, and Ortiz fell while on the ladder. Lorie has failed to conclusively prove that he was not negligent or that his negligence was not a proximate cause of Ortiz's injuries.
Lorie cites several cases involving ladders in which summary judgments were upheld or verdicts reversed. However, Lorie's reliance on those cases is misplaced because in most of these cases, there was no evidence of a defect in the ladder, as there is in this case. See, e.g., Portal v. Asencio, 824 So.2d 1041 (Fla. 3d DCA 2002); Miller v. Aldrich, 685 So.2d 988 (Fla. 5th DCA 1997); Hurst v. Astudillo, 631 So.2d 380 (Fla. 3d DCA 1994); McCormick Shipping Corp. v. Warner, 129 So.2d 448 (Fla. 3d DCA 1961). Therefore, they are not controlling of the outcome in this case.
For the foregoing reasons, we reverse and remand for further proceedings.
MAY, J., and SWEET, GARY L., Associate Judge, concur.